## LEWIS v. McCARTHY et al.

(District Court, D. Massachusetts. June 15, 1921.)

No. 1992.

1. **Intoxicating liquors** ⚛⇒256—Prohibition enforcement officers are not officers of the court, who can be summarily ordered to return seized automobile.

The prohibition enforcement officers are not officers of the court, and therefore the court cannot in summary proceedings order them to return an automobile seized while being used for the transportation of intoxicating liquor, since the court's power in such proceedings exists only over its officers.

2. **Intoxicating liquors** ⚛⇒246—Automobile used by chauffeur for unlawful transportation without owner's knowledge may be forfeited.

An automobile used by the owner's chauffeur for the illegal transportation of intoxicating liquor may be subject to forfeiture on conviction of the chauffeur, even though the owner did not participate in or know of the illegal use.

Petition by Carrie G. Lewis against William J. McCarthy and others for the return of an automobile. Petition dismissed.

William R. Scharton, of Boston, Mass., for petitioner.
The United States Attorney, for defendants.

MORTON, District Judge. This is a petition for the return of an automobile, the property of the petitioner, which is held by the respondents as prohibition enforcement officers. They have moved to dismiss. The case stated in the petition is as follows: The petitioner is the owner of the automobile. On the occasion in question it was taken and used without her knowledge or consent by her chauffeur. He was arrested by a Boston police officer for operating it while under the influence of liquor, and a complaint for that offense is pending against him in the state court. While the petition does not so allege, I infer that there was liquor in the automobile, which was being illegally transported by the chauffeur, because the petition recites that he got liquor and was arraigned before a United States commissioner on the charge of illegal transportation. No proceedings have been instituted for the forfeiture of the automobile; but the case is still pending against the chauffeur for violation of the Volstead Act (41 Stat. 305).

[1, 2] Under the circumstances, the court has no power, in summary proceedings such as these, to order the return of the automobile. Such power exists only over officers of the court, which the defendants are not. In re Chin K Shue (D. C.) 199 Fed. 282 (D. C. Mass.); U. S. v. Hee (D. C.) 219 Fed. 1019. Moreover, under Grant v. U. S., 254 U. S. 505, 41 Sup. Ct. 189, 65 L. Ed. ——, if the chauffeur shall be convicted the automobile may be subject to forfeiture, even though the owner of it did not participate in or know of the illegal use. Cf. The Little Charles, 1 Brock. 347, at 354, Fed. Cas. No. 15,612, an interesting case of forfeiture under an embargo act.

Petition dismissed.