MARGIE v. POTTER, Federal Prohibition Director.

(District Court, D. Massachusetts. July 16, 1923.)

No. 2357.

**Intoxicating liquors ☞255—Petitioner held entitled to return of liquor seized where prosecution was abandoned.**

Where liquor being transported is seized and the person in charge arrested under National Prohibition Act, tit. 2, § 26, unless such person is convicted the court is without jurisdiction to order the liquor destroyed, and where he is discharged by the commissioner and the prosecution abandoned he is entitled to a return of the liquor.

Petition by Benjamin Margie against Elmer C. Potter, Federal Prohibition Director for the District of Massachusetts. Petition granted.

Herbert F. Callahan, of Boston, Mass., for petitioner.

William J. White, Jr., Sp. Asst. U. S. Atty., of Lowell, Mass., for defendant.

BREWSTER, District Judge. The petitioner owned 60 bottles of champagne which he had purchased prior to February 1, 1920, but which had been kept in the dwelling house of a friend and acquaintance of the petitioner.

On December 22, 1922, the petitioner secured an automobile and was in the act of transporting the liquor to his own residence. He was discovered in the act by police officers, who notified a prohibition agent and held the petitioner and one Mahoney, who was with the petitioner, until the prohibition agent arrived. This agent thereupon seized the liquor and automobile and arrested both the petitioner and Mahoney. Subsequently the petitioner and Mahoney were discharged by the United States commissioner and no further proceedings under the provisions of the Volstead Act (41 Stat. 305) were had against the persons arrested in any court of competent jurisdiction. The automobile was also returned to the owner. The prohibition director, however, retained possession of the liquor, and this petition is brought for its return.

It is clear that the prohibition agent acted under section 26 of the National Prohibition Act, which provides that:

"When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law."

See One Ford Touring Car v. United States (C. C. A.) 284 Fed. 823.

The section imposes upon the federal agent a duty to arrest the person in charge of the vehicle and to proceed against the person arrested in any court having competent jurisdiction and—

"The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized."

It is fairly well settled that without a conviction of the person arrested the court is without jurisdiction to order the liquor destroyed. U. S. v. One Buick Roadster (D. C.) 276 Fed. 407; U. S. v. One Packard Motor Truck (D. C.) 284 Fed. 394.

The seizure by the federal agents without a warrant was made pursuant to the authority conferred upon them by section 26, and while it may have been lawful, yet the discharge by the commissioner of the persons arrested, and the failure of the government to institute further proceedings in the federal court, leaves this court without any jurisdiction to order a disposition of the property seized. The evidence warrants the finding that the liquor was lawfully acquired and intended for lawful use by the owner. Some doubt may exist regarding the legality of the act of the petitioner in removing this liquor from the place where it had been kept to his residence, in view of Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 Sup. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548; but, however that may be, the action of the commissioner in discharging the parties arrested is tantamount to an adjudication that no crime had been committed. His acts are not before the court for review. Whether he was warranted in discharging the men is not now material. The important fact is that there has been no conviction. This is a jurisdictional prerequisite of any order to destroy or otherwise dispose of the liquor. It would seem that the case stands no better than one where liquor is in the possession of the prohibition agents as a result of a seizure made upon an invalid search warrant. In such cases the weight of authority favors a return of the property seized to the one from whom it was taken. U. S. v. Kelih (D. C.) 272 Fed. 484; U. S. v. Descy (D. C.) 284 Fed. 724; Giles v. U. S. (C. C. A.) 284 Fed. 208.

In proceedings of this character, neither the right of property nor the right of possession are determined. U. S. v. Mattingly, 52 App. D. C. 188, 285 Fed. 922.

In granting this petition, the court only goes so far as to adjudge that it is without jurisdiction to make any other disposition of the property.

In view of this lack of jurisdiction, the only reasonable and logical course open would be to order a return in accordance with the prayers of the petition.

It is so ordered.