## In re ALLEN.

(District Court, W. D. Pennsylvania. October 15, 1924.)

No. 1158.

Internal revenue �köm42—Court without power by summary order to deal with property not under its control.

A court is without power by a summary order made on petition to direct return to the owner of an automobile seized and held by narcotic agents, who are not officers of the court and where no libel for forfeiture has been filed to bring the car within control of the court, but the remedy of the owner is by plenary action.

In Equity. In the matter of petition of Lucy Allen for return of a Durant motor car. Petition denied.

Louis Little and George Little, both of Pittsburgh, Pa., for petitioner.

Walter Lyon, U. S. Dist. Atty., and Fred C. McCutcheon, Asst. U. S. Atty., both of Pittsburgh, Pa., for the United States.

GIBSON, District Judge. Lucy Allen has petitioned the court for an order upon William T. Duffey, internal revenue narcotic agent, directing him to return a certain automobile of which she claims ownership. Pursuant to her petition, a rule upon William T. Duffey was granted, and he has made answer to the petition for the return of the automobile. Upon hearing, it developed that on August 10, 1924, Sylvester Reed and Clarence Peters were arrested by William T. Duffey, internal revenue narcotic agent, or at his direction, when they were riding in the automobile which is the subject of the petition. At that time, a package containing some 3400 grains of cocaine which had thereon a foreign label and which bore no stamps indicating the payment of revenue was found in the car. Clarence Peters had theretofore been employed by the petitioner and the car seized had been loaned by the petitioner to him. No evidence indicated any knowledge of the cocaine on the part of the petitioner.

The seizure was made on behalf of the narcotic agent under claim of authority granted by section 3450, R. S. (Comp. St. § 6352), which, among other things, pro-

vides for the forfeiture of materials, vessels, etc., used in the concealment of articles for the purpose of defrauding the United States of tax. Were we passing upon the merits of the claim of forfeiture, the petition would require serious consideration on our part, as the automobile seems to have been used in a merely incidental way, and not as a necessary part of the machinery of concealment of taxable articles.

But we are not considering or passing upon the propriety of the claims on a libel for the forfeiture of the machine, but upon a petition for a summary order for its return. At the present time, so far as the court is informed, no libel has been filed on behalf of the bureau whose agent has seized the automobile. The officers and agents of the Internal Revenue Bureau are not officers of the court, and the automobile, not being under the control of the court by reason of any process issuing out of it, the court has no jurisdiction to issue a summary order for the return of the automobile. The remedy of the claimant, in event of the failure of the agent of the Bureau of Internal Revenue to institute a libel for the condemnation of the automobile, is by a plenary action. See Weinstein v Attorney General (C. C. A.) 271 Fed. 673, United States v. Hee (D. C.) 219 Fed. 1019, and Lewis v. McCarthy (D. C.) 274 Fed. 496.

The petition for a summary order for the return of the automobile in question must be denied.

### Order of Court.

And now, to wit, October 16, 1924, the petition of Lucy Allen for the return of a certain Durant automobile having come on to be heard, after argument of counsel, upon consideration thereof, it is hereby ordered, adjudged and decreed that the rule granted pursuant to said petition be, and the same hereby is, discharged and dismissed; and it is further ordered that the petition of said Lucy Allen be denied for the reasons assigned in the opinion herewith filed.