## CHURCH v. GOODNOUGH.

(District Court, D. Rhode Island. March 11, 1926.)

### No. 1767.

1. **Intoxicating liquors ⊜⇒251—Claimant of property, seized for violation of National Prohibition Act, may, after unreasonable delay in bringing forfeiture proceeding, bring action for abandonment of seizure or return of property (National Prohibition Act, tit. 2, §§ 2, 25, 26, 28, 39, title 3, § 18, and Supplemental Act Nov. 23, 1921, § 5 [Comp. St. §§ 10138½a, 10138½m, 10138½mm, 10138½o, 10138½z, 10138¾q, 10138⅘c]; Rev. St. §§ 1014, 3166, 3298, 3299, 3333, 3453, 3460 [Comp. St. §§ 1674, 5886, 6078, 6079, 6130, 6355, 6362]).**

Under National Prohibition Act, tit. 2, §§ 25, 26, 28, 39 (Comp. St. §§ 10138½m, 10138½mm, 10138½o, 10138½z), and section 2 (section 10138½a), making Rev. St. § 1014 (Comp. St. § 1674), applicable, and title 3, § 18 (section 10138¾q), and Supplemental Act Nov. 23, 1921, § 5 (Comp. St. § 10138⅘c), and Rev. St. §§ 3166, 3298, 3299, 3333, 3453, 3460 (Comp. St. §§ 5886, 6078, 6079, 6130, 6355, 6362), requiring procedure for forfeiture of goods seized with or without warrants for violation of National Prohibition Act, claimant, after unreasonable delay in instituting forfeiture proceedings in district where seizure was made, may bring action for abandonment of seizure or return of property.

2. **Searches and seizures ⊜⇒5.**

When goods seized are not subject to condemnation except where intended or used for illegal purposes, forfeiture proceedings are necessary to afford claimants opportunity to show condemnation was not justified.

3. **Searches and seizures ⊜⇒5.**

United States officers may not seize and indefinitely hold property without affording claimant right to be heard on question of forfeiture.

4. **Searches and seizures ⊜⇒5.**

After authorized seizure on behalf of United States, it must proceed immediately to secure judicial decree of forfeiture and authorization for destruction of res.

At Law. Action by Lillian Church against Henry T. Goodnough. On defendant's motion to dismiss. Motion denied.

Rosenfeld & Hagan, of Providence, R. I., for plaintiff.

Harold A. Andrews, Asst. U. S. Atty., of Providence, R. I., for defendant.

BROWN, District Judge. Citation having issued to Henry T. Goodnough, deputy prohibition administrator, to show cause why a certain seizure of liquors should not be abandoned and the property returned, the defendant appears and moves for dismissal.

The petition is as follows:

"Lillian Church, of the town of Portsmouth, county of Newport, and state of Rhode Island, respectfully represents to this honorable court:

"(1) That on August 30, A. D. 1924, she was the occupant and person in control of a certain dwelling house, unnumbered, on Power street in said town of Portsmouth, state of Rhode Island, and that, as the domiciled inhabitant of said house, she controlled all the personal property in said house.

"(2) That on said 30th day of August, A. D. 1924, federal prohibition officers, assisted by certain police officers of the town of Portsmouth aforesaid, visited her home and private dwelling, and, without a search warrant and without her permission, entered her said home, and, in violation of her constitutional rights, removed therefrom 206 cases of White Horse Scotch whisky, which said whisky was delivered into the custody of the then director of prohibition, Harry G. Sheldon, at Providence, R. I., by the then chief enforcement officer of the Rhode Island prohibition unit, Raymond T. Sewell.

"(3) Subsequent thereto said liquors were turned over to Henry T. Goodnough, deputy prohibition administrator for said district of Rhode Island, who now detains said liquor in his custody as a federal officer of the United States.

"(4) And your petitioner further says that, because her home was entered without a search warrant and without her sanction and waiver of her constitutional rights, said seizure was in violation of law.

"(5) Your petitioner further represents that no action has been taken by any of the officers of the United States in any form of process against the property so seized, and that an unwarranted length of time has elapsed, resulting in said seizure becoming a trespass and invalid ab initio.

"Wherefore your petitioner moves that this honorable court enter an order or rule to

show cause directed to Henry T. Goodnough, deputy prohibition administrator, at Providence, R. I., ordering him to appear before this honorable court on a day certain, and then and there to show cause why said seizure should not be abandoned and said property seized returned to the petitioner."

The motion to dismiss is as follows:

"Now comes Henry T. Goodnough, deputy prohibition administrator for the district of Rhode Island, respondent in the above-entitled cause, and respectfully moves to dismiss the petition in said cause, and for reasons therefor alleges and says:

"(1) That, whereas it appears the property therein described was not seized under the guise of a search warrant, no jurisdiction is vested in this honorable court to direct the said Henry T. Goodnough to return said property seized to the petitioner.

"(2) That it is not alleged in said petition that said property was lawfully acquired, possessed, and used by said petitioner.

"(3) That it is not alleged, nor does it appear in said petition, that said petitioner had custody or possession of the property seized.

"(4) Your respondent further avers that the representations in paragraph 5 in said petition do not form a sufficient basis in law upon which this honorable court may direct the property seized to be returned to said petitioner.

"Wherefore he respectfully prays that said petition be dismissed."

For the prohibition officer it is contended that this court has no jurisdiction over the res, that there is no pending matter to which this petition is ancillary, and that our only statutory jurisdiction is over liquors seized under the authority of a search warrant.

It is submitted by the attorney for defendant that there is no provision in title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), or in any later amendment which specifically gives authority to the court to deal with intoxicating liquors which are not seized under the guise of a search warrant.

A serious defect in the National Prohibition Act is its lack of definite provision for procedure for the forfeiture or disposal of liquors seized without a warrant.

Section 25, tit. 2 (section 10138½m), provides as to property seized under a search warrant; i. e., property "so seized shall be subject to such disposition as the court may make thereof."

Section 26, tit. 2 (section 10138½mm), provides that, when the Commissioner, his assistant, inspectors, or any officer of the law

14 F.(2d)—28

shall discover any person in the act of transporting intoxicating liquors, it shall be his duty to seize all liquors found being transported contrary to law. It is further provided that, "whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof;" that "the court upon conviction of the person so arrested shall order the liquor destroyed."

There follow provisions concerning the sale and disposition of the vehicle. Certain provisions of the act relate to the powers of the Commissioner of Internal Revenue, his assistants, agents, etc.

Under section 2, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½a), the provisions of section 1014 of the Revised Statutes (Comp. St. § 1674), are made applicable in the enforcement of the act.

Under section 28, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½o), "the Commissioner, his assistants, agents, and inspectors, and all other officers of the United States, whose duty it is to enforce criminal laws, shall have all the power and protection in the enforcement of this act or any provisions thereof which is conferred by law for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the law of the United States."

Section 39, tit. 2 (section 10138½z) provides: "In all cases wherein the property of any citizen is proceeded against or wherein a judgment affecting it might be rendered, and the citizen is not the one who in person violated the provisions of the law, summons must be issued in due form and served personally, if said person is to be found within the jurisdiction of the court."

Section 18 of title 3, Industrial Alcohol (section 10138¾q), provides: "All administrative provisions of internal revenue law, including those relating to assessment, collection, abatement, and refund of taxes and penalties, and the seizure and forfeiture of property, are made applicable to this title in so far as they are not inconsistent with the provisions thereof."

The Supplemental Act of November 23, 1921 (42 Stat. 222), provides in section 5 (Comp. St. Ann. Supp. § 10138⅘e), "that all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage

liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this act," etc.

We may therefore find it necessary to examine the laws, existing at the time of the enactment of the Prohibition Act, relating to the manufacture or sale of intoxicating liquors under the law of the United States, with special reference to provisions concerning proceedings in rem and to the authority of officers to make seizures under the internal revenue laws.

By R. S. § 3166 (Comp. St. § 5886), it is provided: "Any officer of internal revenue may be specially authorized by the Commissioner of Internal Revenue to seize any property which may by law be subject to seizure, and for that purpose such officer shall have all the power conferred by law upon collectors; and such special authority shall be limited in respect of time, place, and kind and class of property, as the Commissioner may specify: ˙ Provided, that no collector shall be detailed or authorized to discharge any duty imposed by law upon any other collector."

R. S. § 3460 (Comp. St. § 6362), makes provision for proceedings on seizure of goods valued at $500 or less, subject to forfeiture under any provision of the internal revenue laws. It requires an appraisement, three weeks' notice requiring claimants to appear within thirty days from the date of the first publication of the notice, and for the sale of such articles so seized at public auction—a provision manifestly inappropriate to disposition of intoxicating liquors.

R. S. § 3298 (Comp. St. § 6078), provides that internal revenue officers may detain packages containing distilled spirits, but that "summary detention shall not continue * * * longer than forty-eight hours without process of law or intervention of the officer to whom such detention is to be reported."

R. S. § 3299 (Comp. St. § 6079), is as follows: "All distilled spirits found elsewhere than in a distillery or distillery warehouse, not having been removed therefrom according to law, shall be forfeited to the United States."

R. S. § 3333 (Comp. St. § 6130), provides that "the burden of proof shall be upon the claimant of said spirits to show that no fraud has been committed, and that all the requirements of the law in relation to the payment of the tax have been complied with," when a seizure has been made of distilled spirits found elsewhere than in a distillery, etc.

R. S. § 3453 (Comp. St. § 6355), pro-vides for seizure of goods on which taxes are imposed and for forfeiture, and states: "The proceedings to enforce such forfeitures shall be in the nature of a proceeding in rem in the Circuit Court or District Court of the United States for the district where such seizure is made."

Whether any of these statutory provisions or other statutory provisions are applicable to this seizure as a justification for the seizure cannot be determined without a hearing on the merits.

[1] As far as we are able to gather from the entangled provisions of the Internal Revenue Act and of the National Prohibition Act, a seizure of goods with or without a warrant for violations of the Volstead Act should be followed by proceedings in the court of the district in which the seizure was made for forfeiture or condemnation of the goods. In the admiralty, it is well recognized that, upon a seizure of the vessel or cargo, where no steps have been taken to follow up the seizure by proceedings ̇for condemnation, a claimant of the vessel or goods may file a possessory libel or petition asserting his right to possession of the res, and requiring the officer making the seizure to proceed in court for condemnation or to abandon the seizure. U. S. v. Specified Quantities of Intoxicating Liquors (C. C. A.) 7 F.(2d) 835. Such a right in a claimant, well recognized in admiralty, seems a manifest necessity.

[2] When the goods seized are not in themselves subject to condemnation except when intended or used for illegal purposes, judicial proceedings for forfeiture, which shall give notice to claimants and afford them an opportunity to show that condemnation is not justified, seem necessary for due process of law.

I am unable to accept the argument of the United States that this court is without jurisdiction of seizures of liquors on land without a search warrant for violation of the Volstead Act. Where the res is situated within the territorial jurisdiction of the court and is in custody of officers of the United States, who must proceed in this court in order to secure a decree of condemnation, and it appears that there has been unreasonable delay in instituting forfeiture proceedings, the court which has power to decree a forfeiture must also have power to say to the officer in custody of the res that he shall either institute proceedings for forfeiture or abandon the seizure.

[3] Officers of the United States may not seize and indefinitely hold property without taking steps to afford claimants a right to be

heard upon the question of its forfeiture or destruction. There is no reason for any distinction between maritime seizures and land seizures in this respect.

In The Bolina, Fed. Cas. No. 1608, it was said: "But, if there had been no mode of prosecution provided, I should have had no doubt that an information would have lain upon common-law principles."

[4] It is apparent that, when seizures on behalf of the United States are authorized, a legal and a practical obligation rests upon the United States to proceed immediately to secure a judicial decree of forfeiture and an authorization for destruction of the res, after it shall be determined to be a res that offends against the laws of the United States in the particular instance. Delay obstructs the rights of claimants to relief, involves the United States in enormous costs for protracted custody, and, as has been proven by experience, often affords opportunity for the restoration of the goods seized to the unlawful uses which seizure and destruction were intended to prevent.

Upon this petition we cannot anticipate or discuss the applicability of the various statutory provisions which may possibly justify the retention and custody of the goods. The defendant should by answer show cause for the detention and make reply to the allegations of the petition.

The motion to dismiss for lack of jurisdiction is denied. The defendant shall make answer on or before March 15, 1926.