**In re BEHRENS.**
No. 221.

Circuit Court of Appeals, Second Circuit.
March 3, 1930.

Hugh J. O'Brien, of Rochester, N. Y., for appellant.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., for the United States.

Before L. HAND, SWAN, and MACK, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above).

Why the United States of America, which was not a party to the petition, is named as the appellee on appeal, passes comprehension. But we will assume that we may ignore the failure to issue a citation to the real respondents and may consider them as properly before this court and represented by the United States attorney.

This appeal has been presented in complete oblivion on the part of counsel as to any difficulties in the matter of jurisdiction. We are given no intimation of the theory upon which the petitioner thinks he may maintain this summary proceeding for the suppression of evidence, the return of his property, and the issuance of an injunction pendente lite. The argument has proceeded as though the sole question for determination were the legality or illegality of the search and seizure under the circumstances disclosed by the petition and opposing affidavits. But, before this question is reached, others clamor for solution. Viewed as an application to suppress evidence, has the court jurisdiction before any criminal prosecution was commenced, or the petitioner even arrested? Viewed as an effort to recover possession of property illegally withheld by the prohibition administrator, has the court power in a summary proceeding to direct an order to such an official? It is regrettable that the court has received no assistance from either counsel in the solution of these preliminary questions, which go to the jurisdiction of the District Court and must be dealt with before the validity of the seizure can be considered.

■ At the outset it must be noted that possession of petitioner's property is alleged to be in the prohibition administrator. If the property were under the control of an officer of the court, whether he be the United States attorney, the marshal, the clerk, or an attorney at law admitted to practice before the District Court, the court's disciplinary power over its own officers might supply the necessary jurisdictional fact for a summary proceeding to direct him to return property illegally withheld from its owner, even before criminal prosecution or proceedings for forfeiture had been commenced. This was the basis for Judge Hough's consideration of the owner's motion for return of a book held by the district attorney in United States v. Maresca, 266 F. 713, 717 (D. C. S. D. N. Y.). There the moving party was under indictment, but there is a dictum that the right to move would exist even were no prosecution pending. See, also, United States v. Hee, 219 F. 1019, 1020 (D. C. N. J.); Weeks v. United States, 232 U. S. 383, 398, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Cogen v. United States, 278 U. S. 221, 225, 49 S. Ct. 118, 73 L. Ed. 275. But a prohibition administrator is not an officer of the court; he is an officer of another branch of the government, and, in the present instance, neither he nor his deputies have assumed to act pursuant to any judicial authority or process. Jurisdiction to order such an officer to return property illegally seized and wrongfully detained must find a basis other than the court's disciplinary power over its own officers.

■ In United States v. Hee, supra, it was held that the District Court had no jurisdiction in a summary proceeding to order the return of property illegally seized by revenue officers, where no proceedings for forfeiture had been started. Accord, In re Allen, 1 F. (2d) 1020 (D. C. W. D. Pa.); similarly, as to customs officers, In re Chin K. Shue, 199 F. 282, 285 (D. C. Mass.); Sims v. Stuart, 291 F. 707 (D. C. S. D. N. Y.); as to immigration officials and other government officers, Weinstein v. Attorney General, 271 F. 673, 675 (C. C. A. 2); as to prohibition officers, Applybe v. United States, 32 F. (2d) 873 (C. C. A. 9), on rehearing (C. C. A.) 33 F. (2d) 897; Lewis v. McCarthy, 274 F. 496 (D. C. Mass.); United States v. Casino, 286 F. 976, 978 (D. C. S. D. N. Y.). In the case last cited it is said:

"It is clear that the owner of property unlawfully seized has without statute no summary remedy for a return of his property. U. S. v. Maresca (D. C.) 266 F. 713; In re Chin K. Shue (D. C.) 199 F. 282. He may have trespass, or, if there be no statute to the contrary, replevin; but, just as in our law no public officer has any official protection, so no individual has exceptional remedies for abuse of power by such officers. We know no 'administrative law' like that of the civilians."

With this statement of the law we entirely agree, provided the property is detained by one not an officer of the court.

■ The National Prohibition Act, by section 25 of title 2 (41 Stat. 315, 27 USCA § 39), and section 16 of title 11 of the Espionage Act (40 Stat. 229, 18 USCA § 626), provide a summary remedy for the return of property illegally seized on search warrant. Gallagher v. United States, 6 F. (2d) 758 (C. C. A. 2); Cogen v. United States, 278 U. S. 221, 226, 49 S. Ct. 118, 73 L. Ed. 275. Section 26 of title 2 of the National Prohibition Act (27 USCA § 40) provides for seizure, without a warrant, of vehicles engaged in the illegal transportation of liquor, and for the disposition of such property after the conviction of the person in charge of the vehicle. See Margie v. Potter, 291 F. 285 (D. C. Mass.). But the National Prohibition Act is strangely silent as to the seizure or the forfeiture of property declared by the act to

be contraband, not seized on warrant or in transportation. It is such type of seizure with which this appeal is concerned, and no statutory provision has been discovered which gives the court jurisdiction to determine in a summary proceeding the legality of the seizure, unless it be section 934, Revised Statutes (28 USCA § 747). That section provides:

"All property taken or detained by any officer or other person, under authority of any revenue law of the United States, shall be irrepleviable, and shall be deemed to be in the custody of the law, and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

In view of section 5 of the Willis Campbell Act (42 Stat. 223 [27 USCA § 3]) and the decisions of the Supreme Court in Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 185, 70 L. Ed. 449, and United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, we entertain no doubt that section 934 (28 USCA § 747) is applicable to seizures by prohibition agents of property subject to be taken under authority of any revenue law in force when the National Prohibition Act was enacted and not directly in conflict therewith. The intimation of this court to the contrary in The Blairmore, 10 F.(2d) 35, 37, was uttered before the above-mentioned Supreme Court opinions were rendered, and no longer controls us.

The section under discussion makes the property irrepleviable and subject to the orders of the "courts of the United States having jurisdiction thereof." This latter clause means the court having jurisdiction of proceedings for condemnation of the property, which would seem to be the District Court of the district in which the seizure was made. See Gillam v. Parker, 19 F.(2d) 358, 361 (D. C. E. D. S. C.); Church v. Goodnough, 14 F.(2d) 432, 434 (D. C. R. I.). Hence we conclude that the District Court has jurisdiction to direct the officer who detains the seized property as to its disposition. This is perfectly clear after process in forfeiture proceedings has been issued. See cases cited in United States v. Hee, 219 F. 1019, 1021 (D. C. N. J.). Before such process has been issued, jurisdiction exists to order the officer to elect either promptly to institute proceedings for forfeiture or to abandon the seizure and return the property. This course has been followed, and the reasons therefor are well stated, in several District Court cases. See Standard Carpet Co. v. Bowers, 284

F. 284 (D. C. S. D. N. Y.); Gillam v. Parker, supra; Church v. Goodnough, supra. It has the sanction of so high an authority as Chief Justice Marshall in Slocum v. Mayberry, 2 Wheat. 1, 9, 4 L. Ed. 169, a case which arose under the Embargo Act of April 25, 1808 (2 Stat. 499) and before the enactment of section 934, Revised Statutes (28 USCA § 747). He there said:

"The party supposing himself aggrieved by a seizure cannot, because he considers it tortious, replevy the property out of the custody of the seizing officer, or of the court having cognizance of the cause. If the officer has a right, under the laws of the United States, to seize for a supposed forfeiture, the question, whether that forfeiture has been actually incurred, belongs exclusively to the federal courts, and cannot be drawn to another forum; and it depends upon the final decree of such courts whether such seizure is to be deemed rightful or tortious. If the seizing officer should refuse to institute proceedings to ascertain the forfeiture, the district court may, upon the application of the aggrieved party, compel the officer to proceed to adjudication, or to abandon the seizure."

If the delay in instituting a suit for forfeiture has been so great as to preclude success in such a proceeding it has been held that the goods may be ordered returned to the owner. In re Brenner, 6 F.(2d) 425 (C. C. A. 2). See, also, Margie v. Potter, 291 F. 285 (D. C. Mass.).

None of these cases, however, go to the extent of holding that the legality of the seizure may be determined on a summary petition by the owner for the return of his property. On the contrary, they strongly intimate that the owner's proper and orderly procedure is to determine this question upon proceedings for forfeiture. Cf. Panzich v. United States, 285 F. 871 (C. C. A. 9). In the case at bar, the undesirability of deciding the merits upon affidavits is peculiarly present because the affidavits are insufficient to enable us to know the exact arrangement of the dwelling and garage, just how the officers made their entry into the cellar, and where the various articles seized were located. Such details are often of controlling importance. See Earl v. United States, 4 F.(2d) 532 (C. C. A. 9); Gay v. United States, 8 F.(2d) 219 (C. C. A. 9); Schnorenberg v. United States, 23 F.(2d) 38 (C. C. A. 7); Raniele v. United States, 34 F.(2d) 877 (C. C. A. 8); De Pater v. United States, 34 F.

564

(2d) 275 (C. C. A. 4); Alvau v. United States, 33 F. (2d) 467 (C. C. A. 9).

Our conclusion is that, upon the appellant's petition, the court should not have passed upon the legality of the seizure, but should have directed the prohibition administrator, assuming he was served with the show cause order or voluntarily appeared, either to institute proceedings promptly (and we should suppose ten days would be sufficient time) or to abandon the seizure and return the property. While this was not the precise relief prayed for by the petition, we think the prayer for return of the property was sufficient to authorize it. Dismissal of the petition as was done below and in United States v. Hee, supra, leaves the property owner unduly at the mercy of a procrastinating officer. If forfeiture is to be sought, no reason appears for delay, and every consideration of fairness and of economy requires promptness. It may also be proper to enjoin destruction of the property if there was any real showing of danger that this would be done before the property had been judicially condemned. While it is true that the property is chattels and that the officer might be compelled to respond individually in damages for its tortious destruction, the fact that the res is held for judicial condemnation may justify an injunction to preserve it until the court directs what disposition is to be made of it. However, we need not now decide that question, as the appellant asked this relief and the appellees have not appealed. As the district attorney was alleged to have no control over the seized property, the petition was properly dismissed as to him.

It is apparent that we have dealt with the above-discussed problems on the assumption, justified by the affidavits, that the property was seized and detained under authority of a revenue law. Rev. St. § 934 (28 USCA § 747). What the owner's remedy may be to recover property otherwise seized or detained, we need not now consider. It is apparent also that we have not passed upon the legality of the seizure, and that nothing has occurred in the present proceeding to impair the appellant's right to move for suppression of the evidence in any criminal prosecution which may have been or shall be subsequently brought against him.

The order of dismissal is reversed, and the cause remanded for further proceedings in accordance with this opinion. No costs in this court are allowed to either party.