## UNITED STATES v. HANLEY.

District Court, S. D. New York.
June 1, 1931.

George Z. Medalie, U. S. Atty., of New York City (William L. Taggart, Sp. Asst. U. S. Atty., of Washington, D. C., of counsel), for the United States.

Blau Perlman & Polakoff, of New York City (Moses Polakoff, of New York City, of counsel), for defendant.

FRANK J. COLEMAN, District Judge.

Motion to suppress evidence and for the return of an automobile truck and its contents. There can be no real doubt but that the search and seizure and the arrest were unlawful. Even assuming the truth of the agents' version, I find that they without probable cause stopped the automobile, ordered its driver to pull up to the curb, and then boarded it. If thereafter the driver told them the truck contained beer, he did so under coercion and after the search and seizure had commenced. Since the agents had no warrant of any kind and no information in regard to the truck or its driver, their conduct was entirely unjustified. The motion to suppress the evidence is therefore granted.

In so far as the motion asks for a direction to the Prohibition Administrator to return the truck and its contents, the Matter of Behrens (C. C. A.) 39 F.(2d) 561, concededly controls unless that case has been overruled by the Supreme Court in Go-Bart Co. v. U. S., 282 U. S. 344, 51 S. Ct. 153, 157, 75 L. Ed. 374. The latter case involved only papers and documents which were under the control of the United States attorney in the care and custody of the special agent in charge for use in evidence. The Supreme Court said: "As the United States attorney had control of the prosecution before the commissioner, whether conducted by his assistants or prohibition agents, the papers were held subject to his control and direction although in the immediate care and custody of the prohibition officers. He and they voluntarily came before the court to defend the seizure, the retention and proposed use of the papers and so in effect became parties to the proceeding. By making the papers a part of O'Brien's affidavit they brought the papers within the power of the court and constructively into its possession, if indeed the papers had not already come within its reach." That decision, therefore, is not inconsistent with the ruling in the Behrens Case.

The petitioner will therefore have to follow the procedure laid down in the latter case.