## UNITED STATES v. FARRINGTON.

### No. 1357.

District Court, M. D. Pennsylvania.

Jan. 16, 1937.

Geo. E. Sands, of Williamsport, Pa., for petitioner.

Joseph P. Brennan, Asst. U. S. Atty., of Scranton, Pa.

JOHNSON, District Judge.

This is a motion of the United States of America to dismiss for lack of jurisdiction the petition of Virginia Farrington to return her automobile alleged to be illegally seized.

The petition of Virginia Farrington alleges that, incident to the sentence of the above-named defendant on certain liquor violations, an automobile belonging to her was illegally seized and confiscated, and prays for a rule on the "District Attorney, the enforcement officer or officers," to show cause why the automobile should not be returned. The rule was issued as prayed for on the "United States District Attorney * * * and ―――― enforcement officer. * * *"

The United States of America moved to dismiss the above petition and rule, for the reasons that the petition does not allege possession of the automobile by the

United States attorney; that the automobile never was in the custody or control of the United States attorney or any officer of this court and no summary process can issue against any other person; that the specific and exclusive procedure provided by Revised Statutes, § 3460 (26 U.S.C.A. § 1624 (a–e), has not been followed; and that the only remedy of petitioner is by a plenary action.

If the seized automobile were in the possession of the United States attorney, an officer of the court, then this court might, in a summary proceeding, order the return of the automobile if it were seized illegally. Weeks v. U. S., 232 U.S. 383, 398, 34 S.Ct. 341, 58 L. Ed. 652, L.R.A.1915B, 834, Ann.Cas.1915C, 1177; U. S. v. Hee (D.C.) 219 F. 1019, 1020; U. S. v. Maresca (D.C.) 266 F. 713; Cogen v. U. S., 278 U.S. 221, 225, 49 S.Ct. 118, 119, 73 L.Ed. 275; U. S. v. Mahon (D.C.) 42 F.(2d) 571. But the petitioner must allege possession in the court's officer, In re Behrens (C.C.A.) 39 F.(2d) 561; U. S. v. Chicelli (D.C.) 10 F.Supp. 900, and this she has failed to do.

If the seized automobile were in the possession of a person not an officer of this court, such as a revenue enforcement officer, In re Behrens, supra, this court would have no summary jurisdiction to order its return. U. S. v. Hee, supra; In re Chin K. Shue (D.C.) 199 F. 282; U. S. v. Maresca, supra; U. S. v. Casino (D.C.) 286 F. 976, 978; In re Allen (D. C.) 1 F.(2d) 1020. The court, however, could order such an officer to elect to institute proceedings for forfeiture or to abandon the seized property. Slocum v. Mayberry, 2 Wheat. 1, 4 L.Ed. 169; In re Behrens, supra. See, also, Margie v. Potter (D.C.) 291 F. 285; In re Brenner (C.C.A.) 6 F.(2d) 425. But, since the petitioner has not named the enforcement officer who has possession of the seized automobile, this court cannot order any one to institute forfeiture proceedings.

The petitioner's proper procedure to determine the legality of the seizure is upon proceedings for forfeiture. U. S. v. Chicelli, supra. See Revised Statutes § 3460, 26 U.S.C.A. § 1624 (a–e); U. S. v. One Chrysler Touring Sedan (D. C.) 16 F.Supp. 629; U. S. v. One Hudson Sedan (D.C.) 16 F.Supp. 895.

And now, January 16, 1937, the motion to dismiss the petition of Virginia Farrington is granted, her petition is dismissed, and the rule granted thereon is discharged.