## UNITED STATES v. MERENDA et al.

### Cr. No. 38347.

District Court, E. D. New York.

May 26, 1941.

Feintuch & Schlesinger, of New York City, for defendant Joseph Merenda, petitioner (for motion).

Harold M. Kennedy, U. S. Atty., of New York City (Maurice Z. Bungard, Asst. U. S. Attorney, of New York City, of counsel), for plaintiff.

BYERS, District Judge.

Motion to return records and other property; and that all documents, papers and property be suppressed. The basis of the motion is a petition by the first-named defendant which states in substance that he and others were indicted in this court on April 15, 1941, for conspiring to violate Title 26 U.S.C.A. Int.Rev.Code, §§ 2156 (b) (failure to pay the U. S. Internal Revenue tax on tobacco, or evasion thereof) and 3793(b) (1) (dealing with false and fraudulent tax returns). That he has pleaded not guilty.

That on April 4, 1941, Internal Revenue Agents entered his place of business and, without a search warrant, seized his merchandise, machinery and fixtures, and padlocked the affected premises.

The property seized is listed as follows: 1,200-1,500 pounds of leaf tobacco in process of fermentation.

70,000 to 75,000 cigars in process of curing.

All machinery used to manufacture cigars and "to cure and ferment tobacco boxes, revenue stamps, furniture and fixtures within the premises".

Affidavits in opposition are those of Gannon, a Deputy Collector of Internal Revenue, and of the Assistant United States Attorney in charge of this case. The former (verified May 10, 1941) alleges that in making the seizure he acted under instructions from the Acting United States Commissioner of Internal Revenue, Washington, D. C., and that he made an inventory of all property in the padlocked premises. Further: "I caused to be taken back to the office of the Collector of Internal Revenue, the Revenue stamps and the Revenue books required to be kept by all cigar manufacturers under the Provisions of Sections 2037 and 2038 of the Internal Revenue law. No other books or papers were taken from the defendant Joseph Merenda or his place of business."

It also appears that on May 9, 1941, a libel was filed against "80 Boxes of Unstamped Cigars, and various other articles and items of personal property seized at premises known as Factory No. C–34, located at 223 Johnson Avenue, Brooklyn" (the said defendant's place of business).

The monition was duly issued and served, and is returnable June 4, 1941.

The petition was filed May 6, 1941, so that the libel was filed three days thereafter, and there was a like period before the motion appeared on the calendar. Briefs were filed on May 23rd.

It thus appears that this motion in the Criminal cause is in effect an effort to defeat the libel proceedings, without a trial. Such a summary disposition thereof is not to be permitted. Sims v. Stuart, D.C., 291 F. 707; In re Behrens, 2 Cir., 39 F.2d 561.

When the cause initiated by the libel shall have come to final determination, the legality of the seizure will have been adjudicated. Such is the necessary effect to be given to Title 28 U.S.C.A. § 747.

It results that this motion must be denied, without prejudice to a renewal of so much as has to do with the suppression of the evidence, if the defendant be so advised, at a proper time and in connection with this Criminal cause. See In re Behrens, supra, at page 564.

Settle order.