**AMERICAN DEALERS SERVICE, Inc., v. GOLDMAN et al.**

District Court, S. D. New York.

Jan. 5, 1943.

934

Lester Lewis Jay, of New York City, for plaintiff-petitioner.

Mathias F. Correa, U. S. Atty., for Southern District of New York, of New York City (Samuel Brodsky and Arnold C. Stream, both of New York City, of counsel), for defendants.

HULBERT, District Judge.

The American Dealers Service, Inc., moves by notice of motion and affidavit for an order directing the Postmaster of the New York Post Office and a Post Office Inspector to return 3120 checks, with vouchers attached, alleged to have been illegally seized on or about December 2, 1942. The Postmaster General of the United States has not been served and is not a party to this proceeding. The United States Attorney on behalf of the named defendants opposes the application upon the ground (1) that this court lacks jurisdiction since no action is pending challenging the legality of the seizure, and no complaint, order to show cause or petition has been served; (2) that the plaintiff is not entitled to a summary order directing a return of the checks; (3) that the Postmaster General is an indispensable party to such an application as this, and (4) that, in any event, the plaintiff has not shown that it has exhausted all the administrative remedies available to it.

The checks in question were seized by order of the Postmaster General issued under the authority of 39 U.S.C.A. § 498, for alleged violations of 18 U.S.C.A. § 304. The former statute authorizes "Any post-office inspector, collector, or other customs officer, or United States marshal or his' deputy" to seize "all letters and bags, packets, or parcels, containing letters which are being carried contrary to law on board any vessel or on any post route, and convey the same to the nearest post office * * *."

It also provides that the Postmaster General or the Secretary of the Treasury may direct that property so seized be detained until "two months after the final determination of all suits and proceedings which may, at any time within six months after such seizure, be brought against any person for sending or carrying such letters".

The latter statute makes it a crime for any person to "establish any private express for the conveyance of letters or packets, or in any manner cause or provide for the conveyance of the same by regular trips or at stated periods over any post route which is or may be established by law * * *."

The order of the Postmaster General is dated November 20, 1942, and provides, in part, that custody of the checks be "retained by said Post Office until further

order or direction of the Postmaster General." It also provides that any aggrieved person "may apply in writing to the Postmaster General at Washington, D. C. for a hearing and for an order modifying, amending or retracting this order in whole or in part, or setting aside such seizure or for the return of letters seized. Upon request full and prompt opportunity will be afforded to produce all relevant evidence and to be heard in support of his or its application in person or by counsel."

Two days after the seizure was made the plaintiff commenced a suit in this court for a permanent injunction restraining any further seizures and directing the return of the checks previously seized. At the same time the plaintiff procured a temporary injunction directing the return of the seized checks but this injunction was vacated on the following day, December 5, 1942 (Rifkind, D. J.), because the Postmaster General had not been served. No further steps have been taken in that action and it appears to be still pending undisposed of, although apparently abandoned. The instant appliction is in no way connected with that suit.

██ If the seized checks were in the custody of an officer of this court, jurisdiction would exist in a summary proceeding of this nature to order their immediate return. In re Behrens, 2 Cir., 39 F.2d 561; Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374. However, the checks are not in the custody of any officer of this court, nor are they subject to the direction of any such officer, but are being held by the Post Office. The fact that the notice of motion had annexed to it a direction signed by the plaintiff's counsel and directed to the United States Attorney, directing the production of the seized checks on the return day of this application, which direction was not complied with, is not sufficient upon which to conclude that custody of the checks was transferred from the Post Office officials to this court.

Plaintiff contends, however, that this is a special proceeding brought pursuant to the provisions of 28 U.S.C.A. § 747. That statute provides that: "All property taken or detained by any officer or other person, under authority of any revenue law of the United States, shall be irrepleviable, and shall be deemed to be in the custody of the law, and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

Plaintiff admits, however, that it was improper to proceed by notice of motion and affidavit, and that it should have proceeded by order to show cause and petition, and admits that the designation "plaintiff" and "defendants" should be "petitioner" and "respondents."

█ Assuming this to be so, the defendants have not shown that they were in any way prejudiced or that such defects are fatal to this application. In the interests of equity, therefore, these defects will be ignored and the application will be considered as if the notice of motion and affidavit were an order to show cause and petition.

█ The statutes pursuant to which the checks were seized are revenue statutes within the purview of Section 747. They were enacted to eliminate and prevent competition with the business of the Post Office Department, thereby increasing the revenue which the Department collects and turns over to the United States Treasury. See United States v. Bromley, 12 How. 88, 13 L.Ed. 905; Blackham v. Gresham, C.C., 16 F. 609. Accordingly, the plaintiff has the right to invoke the provisions of Section 747, but that statute does not authorize this court to determine summarily the legality of the seizure. On the contrary, as pointed out by the court in Re Behrens, supra [39 F.2d 563], that statute confers jurisdiction on the United States court of the District wherein the seizure was made "* * * to direct the officer who detains the seized property as to its disposition. This is perfectly clear after process in forfeiture proceedings has been issued. See cases cited in United States v. Hee, D.C.N.J., 219 F. 1019, 1021. Before such process has been issued, jurisdiction exists to order the officer to elect either promptly to institute proceedings for forfeiture or to abandon the seizure and return the property.

\* \* \* \* \*

"If the delay in instituting a suit for forfeiture has been so great as to preclude success in such a proceeding it has been held that the goods may be ordered returned to the owner. In re Brenner, [2 Cir.], 6 F.2d 425. See, also, Margie v. Potter, D.C.Mass., 291 F. 285.

"None of these cases, however, go to the extent of holding that the legality of the

seizure may be determined on a summary petition by the owner for the return of his property. On the contrary, they strongly intimate that the owner's proper and orderly procedure is to determine this question upon proceedings for forfeiture."

 Here, although forfeiture proceedings have not as yet been commenced, there is no showing that there has been any unreasonable delay sufficient to warrant an order directing that the checks be returned. However, as indicated by the court in the Behrens case, such proceedings should be commenced as soon as possible in order that the legality of the seizure might be promptly determined. To allow the Post Office to detain the checks indefinitely would result in serious damage to the plaintiff if it is ultimately determined that the seizure was invalid. The checks were seized on December 2, 1942, more than a month ago, and the order to be entered herein should provide that they are to be returned to the plaintiff unless within ten days forfeiture or other proceedings wherein the legality of the seizure may be promptly determined, are commenced. See 39 U.S.C.A. § 499.

It is true that 39 U.S.C.A. § 498 authorizes the Postmaster General to direct that the checks be detained until two months after the final determination of all suits which may at any time within six months be commenced against any person for sending or carrying such checks. However, the power to issue such direction is dependent upon the legality of the seizure. If the seizure was illegal the Postmaster General could not direct that the checks be held for any length of time. This question should be determined immediately. Furthermore, the statute applies to actions against individuals and not to forfeiture proceedings which are brought against the seized property.

Similarly, the administrative remedy provided for in the order of the Postmaster General depends for its validity upon the legality of the seizure and subsequent order. If the seizure was illegal the order had no valid inception. Accordingly, the plaintiff has the right to insist upon the legality of the seizure being determined before it is required to avail itself of the administrative remedy.

The Postmaster General is not an indispensable party to this application because the statute, 28 U.S.C.A. § 747, confers jurisdiction upon the court, in whose District the seizure was made, to direct the person detaining the property, as to its disposition. In re Behrens, supra. A contrary holding would require the plaintiff to proceed in the District of Columbia, where the Postmaster General has his official residence. Smith v. Farley, D.C., 38 F.Supp. 1012. However, the statute does not confer jurisdiction on the District Court for that District.

Motion granted unless within ten days after the service of an order disposing of this motion, with notice of entry thereof, forfeiture or other proceedings are commenced to test the validity of the seizure, otherwise the motion is denied. Settle order on notice.