---

THE G. G. KING.

(District Court, S. D. Florida. May 15, 1883.)

1. CUSTOMS DUTIES—SEIZURE OF PERISHABLE PROPERTY—REV. ST. §§ 3095, 3086, AND 938—DELIVERY ON GIVING SECURITY.

Where property has been seized by a collector of customs, and reported for libel and forfeit under section 3095 of the Revised Statutes, and has been attached, and is held in the custody of the collector, according to section 3086, it is held in custody of the collector as keeper, but it is only so held " to abide adjudication by the proper tribunal, *or other disposition according to law*," and, under the provisions of section 938, may be delivered to the claimant upon payment of duties and giving bond; and in the case of perishable goods, in

cases of admiralty, the tenth rule gives claimants a right to have their claims considered, and, upon giving sufficient security by deposit or stipulation, to have their property delivered to them or sold.

2. SAME—COURT TO DECIDE AS TO DISPOSITION OF PROPERTY.

It is the court, and not the collector, who is to decide how property once libeled is to be disposed of,—whether delivered to the claimant or sold,—and the custody of the collector is terminated by such decision.

3. SAME—ORDER OF DELIVERY—MARSHAL.

In such a case the warrant or order for delivery of the goods should run to the marshal, who will serve a certificate thereof upon the collector.

In Admiralty. Libel for forfeiture. Petition of J. P. Williams for delivery of perishable cargo.

*J. P. Williams,* for himself.

*G. Bowne Patterson,* U. S. Dist. Atty., for the United States.

LOCKE, J. This is a petition by an owner of a portion of the cargo of said schooner, which he alleges to be perishable and liable to damage, praying that the same may be delivered to him upon his furnishing sufficient security.

There has been no general claim for the property by the owners or the agents of the vessel, and this claim is made in behalf of a portion of it on account of its character, and liability to perish; it being tropical fruit and vegetables in the heated hold of a small vessel.

The property was seized by the collector of customs, and reported for libel and forfeiture under section 3095 of the Revised Statutes, and has been attached and is held in the custody of the collector according to section 3086, Rev. St.

The claimant states on oath that he has tendered the amount of duties to the deputy collector in charge, but that he has refused to give him a certificate of the payment of them. The property is held in custody of the collector as keeper, but it is only so held "to abide adjudication by the proper tribunal, *or other disposition according to law.*"

The 938th section of the Revised Statutes provides that it may be delivered to the claimant upon payment of duties and giving bond, and in the case of perishable goods, in cases of admiralty, the tenth rule gives claimants a right to have their claims considered, and, upon giving sufficient security by deposit or stipulation, to have their property delivered to them or sold. It is the court, and not the collector, who is to decide how property once libeled is to be disposed of,—whether delivered to the claimant or sold,—and the custody of the collector is terminated by such decision and must yield to it, so that the disposition may be completed.

Attorney General TANEY, in the case of *The Crown Jewels*, 2 Op. 477, says:

"Whether the custody be in the collector or marshal the goods would be under the control and power of the court, and subject to its direction. The officer having actual possession of them is but the servant of the court, and performs a ministerial duty only in keeping and taking care of the goods."

Judge BLATCHFORD says, in *U. S.* v. *One Piece of Silk and Other Property*, 13 Int. Rev. Rec. 58: "The collector is its official keeper for the court after process, and the court has as full control over it in the hands of the collector, and as full power to compel obedience by the collector to all orders of the court respecting it, as if it were in the hands of the marshal under process;" and this I understand to be the law.

This is a civil cause in admiralty, and the disposition of the property may be decided in accordance with admiralty practice as well as by statutory enactment, (*The Alligator*, 1 Gall. 149,) and the provisions of the tenth rule of admiralty, I consider, furnish a guide and authority for proceeding in such cases. This rule provides that where goods are perishable the court may, upon application of either party, order the same to be sold, or, upon the application of the claimant, order a delivery to him upon depositing so much money as the court may order, or upon his giving a stipulation in such a sum as the court shall direct. It is not an invariable law that duties on goods must be paid before they are delivered; all that is required is that they should be paid or "secured" before such delivery. It is true that, the property being libeled for forfeiture, the importer cannot be permitted to make a regular entry, nor is he entitled to a permit for the delivery of the goods from the collector; but he is entitled to the privilege of paying or securing the duties and having the benefit of such action. If on account of any misunderstanding, or question of any conflict of authority on account of the libel herein, the collector declines to give a certificate of the payment of duties, it does not seem just that the importer should suffer by having his property held, when subject to damage, until such question may be settled, when it appears that he has done what is within his power to comply with the law. It is as much the duty of the court to see that the government is protected in the payment of duties as it is of the collector, or as it is to enforce forfeiture, and the circumstances of the case appear to justify a delivery under rule 10, upon sufficient security being given, either by a deposit or stipulation to secure any duties which may be found to be due, as well as the entire value of the property.

The proceedings have been conducted in open court, appraisers have been appointed, sworn, and filed their report, and the United States district attorney has had notice, and offers no opposition to granting the prayer of the petition upon a deposit of a sufficient amount to secure the government for the entire value of the property and the duties.

To whom should the warrant or order for such delivery run? The marshal is the messenger and executive officer of the court to enforce its orders. The final judgment of the court, deciding upon the disposition of the property, determines the collector's custody of it, and if a disposition extends beyond simple custody, it must be the marshal who must carry it into effect. If the order was to sell, it would be the marshal who would sell. In this case I am of the opinion that the order of delivery should be made to the marshal, who will serve a certified copy thereof upon the collector.