In re CHIN K. SHUE.

(District Court, D. Massachusetts. January 26, 1912.)

No. 575.

1. CUSTOMS DUTIES (§ 126*)—SEARCH WARRANT—REMOVAL OF DOCUMENTS.

A search warrant issued to a customs inspector, authorizing him to search a particular place for merchandise fraudulently introduced into the United States, and to seize such merchandise, if found, did not justify the removal of letters, books, and papers from the premises, and such removal constituted a trespass, for which the officers were liable to prosecution by the ordinary remedies.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 290–295; Dec. Dig. § 126.*]

2. CONTEMPT (§ 11*)—ABUSE OF MANDATE—SEARCHES AND SEIZURES—CUSTOMS DUTIES.

A United States commissioner, in issuing a search warrant authorizing a customs inspector to search certain premises for merchandise fraudulently introduced into the United States, and to seize the same, if found, as provided by Rev. St. § 3066, does not act judicially; and hence the warrant, when so issued, is not to be regarded as issued under the authority of the court.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 23–26; Dec. Dig. § 11.*]

3. CONTEMPT (§ 10*)—ACTS OF OFFICERS—CUSTOMS INSPECTOR—MISUSE OF PROCESS—PUNISHMENT.

Where a customs inspector, assisted by an inspector of the Department of Commerce and Labor, entered petitioner's premises pursuant to a search warrant, issued by a United States commissioner, authorizing the cutoms inspector and his assistant to search for merchandise fraudulently introduced into the United States, and to seize the same, if found, and without authority removed certain letters and other documents and records, which they refused to return, they in so doing were not acting as officers of a federal court, and therefore were not subject to be proceeded against for contempt in a federal court, under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1163 [U. S. Comp. St. Supp. 1911, p. 237]) § 268, authorizing such courts to punish for contempt any of their officers for misbehavior in official transactions, etc.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 19–22; Dec. Dig. § 10.*]

Petition by Chin K. Shue for an order compelling William H. Tighe, customs inspector for the Massachusetts district, and Richard Taylor, an inspector of the Department of Commerce and Labor, to return certain letters and documents taken from petitioner's place of business pursuant to a search warrant, and to punish them for alleged abuse of process. Denied.

Thomas J. Barry and Harry J. Jaquith, for petitioner.
William H. Garland, for respondents.

DODGE, District Judge. December 14, 1911, a United States commissioner for this district issued a search warrant under Rev. St. U. S. § 3066, as amended April 25, 1882 (22 Stat. 49, c. 89 [U. S. Comp. St. 1901, p. 2008; 1 Supp. Rev. St. p. 337]), to William H. Tighe, a customs inspector for this district, authorizing him, with necessary and proper assistants, to enter premises at No. 11 Harrison avenue, in Bos-

ton, to search there for merchandise fraudulently introduced into the United States, and to seize such merchandise, if found. The inspector has indorsed the warrant:

"Received Dec. 14, 1911. I executed said warrant the same day. No violation of the law found."

The present petition was filed December 22, 1911. The petitioner is a member of a firm of Chinese merchants, which carries on business in the premises which the warrant describes. He alleges that Tighe entered the premises, with the warrant, on December 14th, with several assistants, one of whom was Richard Taylor, an inspector in the Department of Commerce and Labor; that Tighe and his assistants, having completed their search, knew that no violation of the law had been discovered; that under cover of the warrant Tighe and Taylor took and carried away from the premises certain articles there found by them, without any lawful right; that some of the articles so taken away have been returned, but that others have been retained by Tighe and Taylor, among them certain letters to customers of the firm, addressed in its care, and being held by the firm for delivery to the addressees; that said letters were sealed when taken away; that Tighe and Taylor have returned some of them, but all had been opened before they were returned; that demand has been made upon Tighe for the articles not returned, but that he still retains them; that the taking away of said articles was an abuse of the process of the court, and violated the petitioner's rights under the fourth and fifth amendments to the Constitution.

The petitioner asks the court to direct the commissioner to certify the proceedings before him, and that Tighe and Taylor show cause why they should not be ordered to return all property and papers taken as above, and why they should not be punished for contempt in exceeding their authority under the warrant.

[1] The commissioner has filed a certificate showing the issuance of the warrant and its return as above. The evidence at the hearing showed that several warrants similar to the one above mentioned were issued to Tighe at the same time, authorizing searches of different premises in Boston; that the search at 11 Harrison avenue was made by persons employed by Tighe as his assistants, of whom Taylor was one; that letters, books, and papers belonging to the petitioner were taken away from the premises by them while making the search; and that Taylor, though he has since returned some of these, still retains certain letters and account books so taken away.

The warrant obviously afforded no justification for the removal of the letters, books, and papers thus taken away from the premises. Whoever so took them away committed a trespass, for which the petitioner has the usual remedies, or of which he has the right to complain to the department whereof the persons guilty of the trespass were officers. The question here is: Were Tighe and Taylor at the time officers of the court, within the meaning of section 268 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1163), which re-enacts Rev. St. § 725 (U. S. Comp. St. 1901, p. 583)? Unless they were, the court is without power to deal with their acts as "misbe-

havior" of its officers "in their official transactions," and adjudge them in contempt as this petition asks.

Section 3066 entitled Tighe to the warrant primarily because of the fact that he was one of the customs officers mentioned in that section. Title 34 of the Revised Statutes, in which section 3066 is contained, consists of the laws regulating the collection of duties upon imports. Elsewhere in the same title are prescribed the duties of each customs officer mentioned in section 3066 and the manner of his appointment. Neither in connection with his duties nor with his appointment is any reference made to the courts. If, therefore, he is to be called in any sense an officer of the court, it is only by virtue of the fact that this warrant was issued to him. The duties which he undertook to perform under the warrant appear rather to be statutory duties required of him as a customs officer than duties imposed upon him by any court or magistrate. It is not claimed that the warrant was improperly issued or was invalid for any reason. The claim that Tighe or his assistants were officers of the court involves the assumption that it was valid.

[2] Whether or not the warrant can be said to have issued under the authority of the court is the next inquiry. It makes no mention of the court, is neither signed by its clerk nor under its seal, and it does not by its terms purport to clothe the customs officer with any authority of the court. Unless the commissioner was exercising the authority of the court in issuing it, I do not see how the court can be said to have authorized it in any sense. Elsewhere in title 34 there are provisions that the judge may issue warrants of similar character required in administering the customs law. See section 3091. Warrants under that section are to issue to the marshal, who is the officer by whom service of process issued by the court is regularly to be made, and are, therefore, warrants issued by the court's authority. Warrants under section 3066 are not issued to the marshal, and the judge is only one of several magistrates empowered to issue them.

Commissioners are officers appointed by the court (Act May 28, 1896, c. 252, § 19, 29 Stat. 184), but it does not follow that they are officers of the court for all purposes. Regarding them it is said that, "though not strictly officers of the court," and "to a certain extent independent in their statutory and judicial actions," they are, "so far as relates to their administrative action," subject to the court's control. U. S. v. Allred, 155 U. S. 591, 595, 15 Sup. Ct. 231, 233 (39 L. Ed. 273). While in proceedings before the commissioner, which are preliminary to or in aid of proceedings before the court, he may be said to act under the court's authority, as when he causes the arrest of alleged offenders, and imprisons or bails them for trial under Rev. St. § 1014 (U. S. Comp. St. 1901, p. 717), there are other things, which the statutes elsewhere authorize or require him to do, wherein no proceedings before the court are contemplated. No reason appears for saying that he acts by the court's authority in performing such functions. His authority to perform them comes from the statutes, independently of the court which appointed him.

Justices of the peace were the only magistrates authorized by section 3066 to issue search warrants to customs officers before the

amendment of that section in 1882. As then amended it now gives the same authority to any "district judge of cities, police justice, or any judge of the Circuit or District Court of the United States, or any commissioner of the United States * * * court." Justices of the peace are state officers, who do not, merely as such, exercise any judicial functions. Rev. Laws Mass. c. 161, § 5. In issuing such a warrant, therefore, the commissioner is exercising the same authority which a judge may exercise, and neither exercises any greater authority than may be exercised by a justice of the peace. These provisions afford little support to the conclusion that a commissioner acts under section 3066 by the authority of the court. The section, indeed, cannot be said to afford much scope for the exercise of any function, properly called judicial, by the magistrate, whoever he may be. Probable "cause to suspect" on the customs officer's part is all that is required to be shown, not reasonable cause to believe. Nor is it provided that the magistrate "may" issue the warrant; the language is that the customs officer "shall be entitled" to it.

[3] Even upon the theory that this warrant issued under authority from the court, further difficulties oppose the conclusion that the customs officer entitled to it becomes upon receiving it an officer of the court within the meaning of section 268 of the Code. As has been said, the court has had nothing to do with appointing him. Merchandise seized by any customs officer under such a warrant as this he holds for the collector of customs, in whose custody section 3086 (U. S. Comp. St. 1901, p. 2015) places it pending adjudication. Section 3086 was enacted in 1866. Before its enactment, the goods seized were to be in the marshal's custody pending adjudication, and this would have been the custody of the court. When in the custody of the collector under section 3086, and after the collector has proceeded against them in court for forfeiture, the collector's custody is regarded as the court's custody for some purposes. The G. G. King (D. C.) 16 Fed. 921. But there would seem to be little reason to suppose that, in making the seizure, and in dealing with the goods before the collector proceeds against them, the customs officer acts as an officer of the court.

The only authority cited in support of the petition is In re Birdsong (D. C.) 39 Fed. 599, 4 L. R. A. 628. In that case a state official was treated as an officer of a federal court for the purposes of Rev. St. § 725 (U. S. Comp. St. 1901, p. 583). But he committed the act there regarded as a contempt while actually executing a sentence imposed by the court upon a federal prisoner committed to the state jail whereof he was keeper.

In view of all that has been shown bearing upon the questions raised, I am not satisfied that Tighe and Taylor, or either of them, or their assistants, were, while making the search of these premises, officers of this court in such sense as empowers it to direct them, upon petition, to return the property removed or be adjudged in contempt, or in any way to deal with them under section 268 of the Judicial Code.

The petition must therefore be dismissed.