UNITED STATES v. HEE.

(District Court, D. New Jersey. February 1, 1915.)

INTERNAL REVENUE ⊜⇒42—ORDERING RETURN OF PROPERTY SEIZED.

Under Rev. St. § 3453 (Comp. St. 1913, § 6355), authorizing the seizure by revenue officers and the forfeiture through appropriate proceedings of certain property used or designed to be used to avoid the payment of internal revenue taxes, where revenue officers wrongfully and illegally seized property which it was intended to use as evidence at the trial of the owner for an offense, but did not assume to act pursuant to any judicial authority or process, and had taken no steps to have the property forfeited, the District Court had no jurisdiction in a summary proceeding on petition of such owner to order the property returned to him, as the revenue officers were not acting as officers of the court.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 114–116; Dec. Dig. ⊜⇒42.]

Criminal prosecution by the United States against Charles Hee. On petition by defendant to have certain personal property, alleged to have been illegally seized by revenue officers, returned to him. Petition dismissed.

Charles F. Lynch, Asst. U. S. Atty., of Paterson, N. J.
Thomas S. Henry, of Newark, N. J., for defendant.

HAIGHT, District Judge. The petitioner claims that his place of business, in the city of Paterson, N. J., was forcibly entered by certain officers, connected with the Treasury Department of the United States, without a warrant of any kind; that he was arrested without a warrant, lodged in jail, and certain personal property in his place of busi-

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ness seized and taken away. The crime with which he is charged is a violation of section 1 of the act of Congress approved January 17, 1914 (38 Stat. 277, c. 10) entitled "An act regulating the manufacture of smoking opium within the United States, and for other purposes." In making the seizure the officers assumed to act under authority of section 3453 of the Revised Statutes (3 Fed. Stat. Anno. p. 797), which authorizes the seizure, by revenue officers, and the forfeiture, through appropriate proceedings, of certain property used or designed to be used in avoiding the payment of taxes imposed by the government. The defendant alleges that it is the intention and purpose of the district attorney to use some of the property so seized as evidence at the trial of the defendant. This is not denied.

The defendant has petitioned the court to order a return of the property to him, upon the ground that the entry and seizure was without warrant and violated the defendant's rights under the fourth and fifth amendments to the federal Constitution. The procedure followed in making this application is that recently approved by the Supreme Court in Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652. The answer, which has been filed, admits the arrest and the seizure. It alleges, however, that the articles are still in the custody and under the control of the revenue officers, and claims that the seizure was legal. It challenges the power of the court, in a summary proceeding of this kind, to order the return of property seized by officers of the Treasury Department and still under their control. It will be assumed, for the purposes of this motion, as alleged in the petition, that the officers entered the defendant's premises and seized the property in question without a search warrant and without his consent, and that the seizure was illegal. It is entirely well settled that the court has the power, in a summary proceeding such as this, to order the return to the accused of papers and documents wrongfully seized and in the possession of the district attorney, or other *officers of the court*. Weeks v. United States, supra; Wise v. Henkel, 220 U. S. 556, 31 Sup. Ct. 599, 55 L. Ed. 581; United States v. Mills (C. C.) 185 Fed. 318; United States v. McHie (D. C.) 194 Fed. 894; United States v. Wilson (C. C.) 163 Fed. 338.

In United States v. McHie, supra, and in Rex v. Barnett, 3 C. & P. 600, and in Rex v. Kinsey, 7 C. & P. 477, power to summarily order the return of personal property, other than papers and documents, was recognized and exercised. There would seem to be no good reason for any distinction between the kinds of personal property which may be ordered returned, where the seizure has been illegal. The question at once arises: Has the court the same power, in a summary proceeding of this kind, to order a revenue officer to return property wrongfully seized, and which is still under his control? This question calls primarily for a determination as to whether a revenue officer, in making seizures and retaining possession of property by virtue of the above-mentioned section of the Revised Statutes, is an officer of the court. As far as anything before me shows, no proceedings have been taken to enforce the forfeiture provided for in section 3453 of the Revised Statutes. It was held in the case of In re Chin K. Shue, 199 Fed. 282

(D. C. Mass.), that customs officers, assuming to act by authority of a similar statute, were not, in making the seizure and dealing with the goods *before the collector had proceeded against them for forfeiture,* acting as officers of the court, and the power of the court, upon petition, to direct the collector to return the property so seized, was denied. In United States v. One Case of Silk, 4 Ben. 526, Fed. Cas. No. 15,925, where the question presented was whether the marshal or the collector of customs was entitled to the custody of certain goods which had been seized by the collector for a violation of the revenue laws, Mr. Justice Blatchford (page 254, 27 Fed. Cas.) said:

"The property is, in contemplation of law, after process, in the custody of the court, although the marshal does not take it into his custody, provided it remains in custody, under a seizure for forfeiture, while the proceedings in court against it are pending. The collector is its official keeper, for the court, after process, and the court has, after process, as full control over it in the hands of the collector, and as full power to compel obedience by the collector to all orders of the court respecting it, as if it were in the hands of the marshal, under process."

The views there expressed are in harmony with those of Justice Story in Burke v. Trevitt, 1 Mason, 96, Fed. Cas. No. 2,163, and were quoted, with approval, in the case of The G. G. King, 16 Fed. 921 (D. C. S. D. Fla.). In all of those cases, however, the property was not considered to be in custody of the court until *after process in forfeiture proceedings* had been issued. That feature distinguishes the case at bar and In re Chin K. Shue, supra, from the cases last cited, and, I think, is decisive.

I am entirely well satisfied that the conclusion reached by Judge Dodge in the In re Chin K. Shue Case was correct, and that revenue officers, who have seized property pursuant to assumed legislative authority, are not officers of the court, in the sense that the court has power, in a summary proceeding of this kind, to order the return of property illegally seized, at any rate before steps have been taken to have it forfeited. They are officers of another branch of the government, and, in this case, did not assume to act pursuant to any judicial authority or process. If the seizure was unlawful, the defendant undoubtedly may have redress in a plenary action. The question whether the property seized can be used as evidence against the accused on the trial of a criminal indictment is not, and cannot be, presented in a proceeding of this kind.

The petition will therefore be dismissed.