**WEINSTEIN v. ATTORNEY GENERAL OF THE UNITED STATES et al.**

(Circuit Court of Appeals, Second Circuit.    March 1, 1921.)

No. 122.

1. **Searches and seizures ⬅⟳5—In proceeding to compel return of books and papers, service on United States attorney insufficient to affect other representatives of the government.**

   In a proceeding against the United States attorney, a deputy Attorney General, immigration officials, and the chief of the Bureau of Investigation of the Department of Justice, for an order requiring them to return

⬅⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
271 F.—43

books and papers illegally seized, service on the United States attorney, who did not have possession or control of any of the books or papers, did not affect the other representatives of different branches of the government.

2. Searches and seizures ☞5—Papers illegally seized cannot be ordered returned, when officers having custody are not concerned in any proceeding in the District Court.

The courts cannot summarily order officers of the government to return books and papers illegally seized, where the purpose of the application was to prevent their use at a hearing by executive officers in deportation proceedings, and there is no indictment or other suit, action, or proceeding pending in the District Court, in which such officers are concerned or affected.

Appeal from the District Court of the United States for the Southern District of New York.

Proceeding by Gregory Weinstein against the Attorney General of the United States and others. From an order discharging an order to show cause (271 Fed. 5), the petitioner appeals. Affirmed.

By affidavit and extracts from the records of the District Court Weinstein showed that he was an alien residing in Brooklyn, and pursuant to a warrant issued by the Acting Secretary of Labor had been arrested as being found in the United States in violation of the Immigration Act of 1918 (Comp. St. Ann. Supp. 1919, § 4289¼b[1]), in that he was a member of or affiliated with an organization believing in the overthrow by force and violence of the government of the United States, etc. Pursuant to this warrant he was taken to Ellis Island, and subsequently released on bail pending hearing. The affidavits then assert, on information and belief, that persons believed to be "agents of the Department of Justice" seized and removed from his Brooklyn residence certain books, magazines, papers, and letters belonging to him, which books, etc., had not been returned, but had remained "in the custody of the agents of the Department of Justice under the guidance of the deputy Attorney General thereof, or in the custody of the Commissioner of Immigration or his subordinates or agents." The books and papers aforesaid are not alleged to have been seized under search warrant therefor, but the seizure was (apparently) contemporaneous with the aforesaid arrest of Weinstein on executive warrant.

On this showing Weinstein procured an order to show cause, directed specifically to the attorney for the Southern District, Mr. Hoover, a deputy Attorney General, Mr. Uhl, Commissioner at Ellis Island, Mr. Schell, inspector of immigration, and Mr. Scully, chief of the Bureau of Investigation of the Department of Justice, requiring them severally to show cause "why an order should not be entered directing that they return to the petitioner the books and papers" above referred to. Service of the order was made upon the United States attorney alone. On the return day that attorney appeared "specially" and moved that the order be discharged (1) as having been ineffectively served, and (2) because it had been improvidently granted, in that the court was without power to grant the relief demanded. After argument, the order was discharged, and Weinstein took this appeal.

Charles Recht, of New York City (Isaac A. Hourwich and Rose Weiss, both of New York City, of counsel), for Weinstein.

Francis G. Caffey, U. S. Atty., and Theodore Megaarden, Sp. Asst. U. S. Atty., both of New York City, opposed.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] There is not even a suggestion that the books sought to be recovered

by Weinstein are now or ever have been in the possession or under the control of the United States attorney for the Southern district of New York. Under such circumstances the service of the order to show cause was, to say the least, insufficient, in that it did not bring before the court any of the parties accused of alleged wrongdoing. It may have been thought (though not argued at bar) that service on the attorney somehow affected or was sufficient in respect of all the other enumerated representatives of divers branches of the government of the United States. If this was the thought underlying the application, it is wholly erroneous.

[2] In response, however, to earnest argument, we shall notice the matters raised by the second branch of the objection (in the nature of a demurrer) lodged by the United States attorney on the return of the order in question. That this proceeding bears no analogy to those exemplified by Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, and Silverthorne v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319, is too plain for exposition.

Applications for the return of books, papers, etc., said to have been unlawfully seized, have hitherto been made (so far as reported cases show) during the progress of and as incidental to such judicial proceedings as indictments, or after the issuance of a search warrant (United States v. Hee [D. C.] 219 Fed. 1019; In re Chin K. Shue [D. C.] 199 Fed. 282; United States v. Maresca [D. C.] 266 Fed. 713), or after some process had issued returnable to the court in which such application was made (United States v. McHie [D. C.] 194 Fed. 894), or when criminal prosecution was in actual progress in such court (United States v. Friedberg [D. C.] 233 Fed. 313). We have held that applications of this nature are interlocutory, and therefore not appealable (Coastwise, etc., Co. v. United States, 259 Fed. 847, 170 C. C. A. 647), and this proceeding must be regarded (as it confessedly is) as an original, independent application bearing no relation to any proceeding in or process of the District Court for the Southern District of New York.

It may be supposed (although it is not definitely so stated) that the object of the application is to prevent the use of the books and papers referred to at the hearing accorded by the executive in deportation proceedings. Whether the power of the court to restore on motion books and papers illegally seized be thought to rest upon the official character of the parties in possession; i. e., on the fact that they hold positions under the United States government (as in most cases above stated), or on the fact that the party in possession is an officer of the court, viz. an attorney at law (as in the Maresca Case, supra), need not be decided, because in this instance the United States attorney possesses nothing that petitioner wishes, and none of the other parties mentioned is concerned in or affected by any suit, action, or proceeding in the District Court other than this application for an order.

To sustain such a proceeding as this it must be held that the court below is clothed with plenary power to investigate on motion all unconstitutional searches or seizures, without regard to the question

whether or not they bear any relation to proceedings pending in such District Court. For this doctrine no authority exists, and none ought to exist, and the court below was right in refusing to entertain the application, even had the service been effective.

Order affirmed, with costs.