## APPLYBE et al. v. UNITED STATES.*

Circuit Court of Appeals, Ninth Circuit.
May 27, 1929.

No. 5779.

*Rehearing denied July 15, 1929.

James B. O'Connor and Harold C. Faulkner, both of San Francisco, Cal., for appellants.

George J. Hatfield, U. S. Atty., and George M. Naus, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. On January 2, 1929, the United States district attorney at San Francisco filed an information charging appellants jointly with removing and concealing 390 cases of whisky with the intent to defraud the United States of the tax imposed thereon by law. Without otherwise pleading, appellants on January 26, 1929, filed in the cause separate verified petitions setting up that the cases or sacks "containing twelve bottles each and the contents thereof" (the nature of which was not stated) had been unlawfully taken from their possession by "Federal Prohibition Agents" without search warrant, that the same were then "in the possession and custody of the Prohibition Administrator for the Northern District of California," and that the United States attorney intended to use them on the trial of the information, and praying for an order (1) suppressing and excluding them as evidence, and (2) "directing the Federal Prohibition Administrator" to return them to petitioners.

At the close of the hearing, the court, on February 2d, granted the prayers for the suppression and exclusion of evidence, but ordered the motions or petitions for return of the property to be submitted on briefs to be filed in 10 days. Following this action, upon motion of appellants, consented to by the district attorney, the court on the same day dismissed the information. Thereafter, on February 25th, without opinion an order was made denying the motions for the return of the "liquor," and from this order the petitioners appeal.

It will be noted that the "liquor," or (if in deference to appellants' desire we avoid that term) the sacks, bottles, and "contents," were not seized under a search warrant or any other process, were not taken by the marshal, district attorney, or any other

officer of the court, and were never in the possession of the court or any of its officers. The primary purpose of the petitions originally was undoubtedly the suppression of evidence assumed to be pertinent to the criminal charge, and for that purpose so long as the information was pending they were germane to the general subject of litigation and were within approved rules of procedure. Cogen v. United States, 278 U. S. 221, 223, 49 S. Ct. 118.

 But manifestly, upon the dismissal of the information on February 2d, in that aspect they had no further function. If therefore they were properly retained at all, it must have been on the theory that they constituted independent proceedings for the return to petitioners of property in the possession of officers of the court. Examples of such proceedings are referred to in the Cogen Case, supra, and the decisions therein cited. But as clearly appears, the liquor had not been seized by aid of any process of the court and was not and never had been in the custody or under the control of any of its officers. In the Cogen Case, supra, it is said: "Applications for return of papers or other property may, however, often be made by motion or other summary proceeding, by reason of the fact that the person in possession is an officer of the court. See United States v. Maresca [(D. C.)], 266 F. 713; United States v. Hee [(D. C.)] 219 F. 1019, 1020. Compare Weinstein v. Attorney General [(C. C. A.)], 271 F. 673." While the decision may not be said to be conclusive on the point, upon reason we think such an independent summary proceeding can be maintained only where the property has been seized under a search warrant or other judicial process or is in the custody or under the control of some officer of the court. In United States v. Maresca (D. C.) 266 F. 713, 717, Judge Hough used this language: "Whenever an officer of the court has in his possession or under his control books or papers, or (by parity of reasoning) any other articles in which the court has official interest, and of which any person (whether party to a pending litigation or not) has been unlawfully deprived, that person may petition the court for restitution. This I take to be an elementary principle, depending upon the inherent disciplinary power of any court of record. Attorneys are officers of the court, and the United States attorney does not by taking office escape from this species of professional discipline. Thus power to entertain this motion depends on the fact that the party proceeded against

is an attorney, not that he is an official known as the United States attorney. It is further true that the right to move does not at all depend on the existence of this indictment; it might be made, were no prosecution pending." In United States v. Hee (D. C.) 219 F. 1019, the defendant petitioned the court for return of property upon the ground that without warrant officers connected with the Treasury Department of the United States had illegally taken it from his possession. After stating that "it is entirely well settled that the court has the power, in a summary proceeding such as this, to order the return to the accused of papers and documents wrongfully seized and in the possession of the district attorney, or other officers of the court," Judge Haight said: "I am entirely well satisfied that the conclusion reached by Judge Dodge in the In re Chin K. Shue Case [(D. C.) 199 F. 282] was correct, and that revenue officers, who have seized property pursuant to assumed legislative authority, are not officers of the court, in the sense that the court has power, in a summary proceeding of this kind, to order the return of property illegally seized, at any rate before steps have been taken to have it forfeited. They are officers of another branch of the government, and, in this case, did not assume to act pursuant to any judicial authority or process. If the seizure was unlawful, the defendant undoubtedly may have redress in a plenary action." In the Chin K. Shue Case thus referred to [(D. C.) 199 F. 282] there was a petition for the return of papers wrongfully seized under a search warrant executed by a customs inspector and an inspector of the Department of Commerce and Labor. In denying the petition Judge Dodge said: "In view of all that has been shown bearing upon the questions raised, I am not satisfied that Tighe and Taylor [the two inspectors], or either of them, or their assistants, were, while making the search of these premises, officers of this court in such sense as empowers it to direct them, upon petition, to return the property removed or be adjudged in contempt, or in any way to deal with them under section 268 of the Judicial Code." See, also, Weinstein v. Attorney General (C. C. A.) 271 F. 673.

We conclude that the lower court was without the power to grant the relief prayed for. In view of the fact that the order complained of does not state upon what ground it was made and the possibility that it may be construed as an adjudication upon the merits, the court will be directed to modify it

by adding that it is without prejudice upon the merits. With such modification it will be affirmed.