## UNITED STATES v. MAHON, and three other cases.

District Court, S. D. New York.

May 27, 1930.

Louis Halle, of New York City (Milton R. Kroopf, of New York City, of counsel), for the motions.

Charles H. Tuttle, U. S. Atty., of New York City (Maxwell Shapiro, Asst. U. S. Atty., of New York City, of counsel), for the United States.

CAFFEY, District Judge.

This court is without power, by summary order, to direct the Prohibition Administrator to return to the petitioners the half-barrels of beer of which he has possession. In addition to the cases cited in my memorandum of May 21, 1930, in the Gerberti and Caliguiri Case (D. C.) 42 F.(2d) 570, see In re Chin K. Shue (D. C.) 199 F. 282, 285; United States v. Hee (D. C.) 219 F. 1019; United States v. Maresca (D. C.) 266 F. 713, 717, 718; Weinstein v. Attorney General (C. C. A.) 271 F. 673.

The question is not as to the meaning or scope of section 26 of title 2 of the National Prohibition Act (27 USCA § 40). There certain rights and certain procedure are prescribed. It does not, however, in any respect bear upon the jurisdiction of this court summarily to direct one who is not an official of this court to redeliver to a claimant property illegally seized from him. As examination of the authorities cited will amply demonstrate, the power of the court to make summary orders is confined to cases where relief is sought against an attorney or officer of the court.

The decision of the Supreme Court handed down on May 19, 1930, in Richbourg Motor Co. v. United States, 50 S. Ct. 385, 74 L. Ed. 1016, has a bearing upon the meaning and scope of section 26 of title 2 of the Prohibition Act; but it has no bearing whatever upon the question of jurisdiction with which we are now concerned. So far as I can see, if petitioners are entitled to recover from the Prohibition Administrator the property alleged by them to have been improperly seized and now to be improperly held, their remedy is by plenary action.

It is plain that the Prohibition Administrator has not been brought before this court. Service on the United States attorney is wholly ineffective as notice or process to the Prohibition Administrator. Weinstein v. Attorney General, supra. It is elementary that the court obtains no jurisdiction of the person without appropriate service of notice or process.

In addition, the defendant Pauley asks for an order cancelling a bond for the release of a truck to the owner. This particular subject was not discussed at the oral argument. Unless counsel for the government wishes to oppose that branch of the Pauley motion, a provision for the cancellation of that bond may be embodied in the order.

In all other respects motions denied, but without prejudice to other proceedings by the petitioners. Settle orders on two days' notice.