## In re LEFKOWITZ.

District Court, S. D. New York.

Feb. 13, 1931.

David P. Siegel, of New York City (Milton B. Seasonwein, of New York City, of counsel), for petitioners.

Robert E. Manley, Acting U. S. Atty., of New York City (Ulysses S. Grant, Asst. U. S. Atty., of New York City, of counsel), for respondent.

CAFFEY, District Judge.

Counsel have presented the issues with commendable frankness and in a co-operative spirit. They disagree as to the significance to be attributed to Go-Bart Importing Co. v United States, 51 S. Ct. 153, 75 L. Ed. 185. They want a square ruling as to its effect. As I understand, whoever the loser, there will be a review of my order. The matter is important to citizens, as well as to law officers. All should know where they stand. Accord-

ingly, I have been over the motion papers and the authorities with such care as was practicable in the limited time available, and shall render a prompt decision, though, in view of the prospective appeal, I see no need for extended discussion.

The complaint charges a felony under section 37 of the Criminal Code (18 USCA § 88), and section 21, title 2 of the National Prohibition Act (27 USCA § 33). The warrant directed the Marshal to arrest for this felony the petitioner Lefkowitz (under the name of Henry Miller) and the petitioner Paris (under the name Jane Doe). The government agent who verified the complaint had personal knowledge which afforded reasonable ground for believing that the petitioners were maintaining and were conspiring among themselves and others to maintain a nuisance, in violation of the Volstead Act, in room 604 at 1547 Broadway, borough of Manhattan. In addition, in advance of taking the oath, the agent had information to the same end from others, who had personal knowledge of the commission and continuance of the offense by the petitioners, and from various substantiating documents in his possession.

I think on the proof the following are plainly established: The complaint and the warrant of arrest based thereon were regular and sufficient. The petitioners were properly and lawfully arrested by a Deputy Marshal pursuant to the authority vested in him and the duty imposed on him by the warrant. Room 604 was the place in which the arrest was made and the papers, whose return is sought, were located. This place constituted but single premises, consisting of the so-called inner and outer offices, in which the offense was being committed. The offense charged in the complaint was actually in progress and was being participated in by both petitioners, in room 604, at the time they were arrested. None of the papers were seized until after the execution of the warrant. Omitting for the moment the letter typed by Paris, part of the papers (specifically identified in the affidavits) were taken from the person of Lefkowitz and the remainder from the premises, where the arrest occurred, as an incident thereto. Save as to those already redelivered to petitioners, all the documents would be material evidence at the trial of the indictment which resulted from the arrest.

■ The seizure as an incident, during the course and within the place of a lawful arrest for a felony of papers found on the person arrested (Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409), as well as of papers on the premises where the arrest was made which were either contraband (Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790) or were then being employed in carrying on the criminal enterprise for which the arrest was made (Marron v. United States, 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231), is lawful.

The United States Attorney has produced all the seized papers (except those previously returned), and I have examined them. Within the authorities cited above I discover none whose retention by the prosecuting officer I regard as unlawful.

■ I think that, upon application of common sense, the conclusion is inescapable that each paper taken was, within the meaning of sections 21 and 22 of title 2 of the Prohibition Act (27 USCA §§ 33 and 34), "property kept and used in maintaining," was located in the place where there was being maintained, and was a thing "used in connection with the violation * * * constituting" the nuisance denounced by the law. The physical presence of intoxicating liquor in room 604 was not essential to the commission there of the crime, charged in the complaint, for which the arrest was made. The place could be a nuisance, although there was never actually any liquor on the premises. Within the statute, liquor could be sold there, though deliveries were made elsewhere. Moreover, for the present purpose it is enough if the conspiracy was there or the petitioners or their associates had any of them gathered in the room to conduct the conspiracy or do any act to effect its object.

It might well follow that, in the sense of the word as used in the Carroll Case, supra, the seized papers were contraband. It is not necessary, however, to determine that, for the reason that, at least within the Marron Case, all the papers were but usual and ordinary means of carrying on a business of the character presented here.

Much stress was laid in argument on the Go-Bart Case. Each side claimed to benefit by it. I think, however, that what was there said is to be confined to the facts then under consideration, and that it has no pertinency to the facts in the case at bar. I feel strongly that it was not the intention of the Supreme Court to depart from well-settled principles, theretofore announced by it in a long line of decisions. At any rate, I am un-

willing to construe the case otherwise unless constrained thereto by the Court of Appeals for this circuit.

I am satisfied that the letter addressed to the Assistant United States Attorney, referred to in the affidavit of the petitioner Paris, was voluntarily typed and signed by her. Though doubtless she did not suspect the use as evidence for which it was designed by the government agent who obtained it, she readily fell in with his suggestion, with the purpose on her part of securing arraignment and bail before the United States Commissioner left his office for the day, and thereby to escape confinement in jail over night. It is immaterial that the agent had an ulterior motive. He employed no force and he was not guilty of any such surreptitious or prohibited device as that which Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647, held tainted evidence so as to render it inadmissible. ·On the contrary, what was done by the agent, being free from force, was well within the realm which, in United States v. Maresca (D. C.) 266 F. 713, 715, 718, 719, Judge Hough said was open to law officers in procuring evidence.

All the papers were put into the hands of the Deputy Marshal at the time of the arrest. He delivered them to the United States Attorney, who still holds them. There is no occasion therefore for making anybody except the United States Attorney a respondent in this proceeding. United States v. Gowen (C. C. A.) 40 F.(2d) 593, 598; United States v. Maresca, supra. Moreover, there is no justification for continuing a stay against others named in the order to show cause, none of whom is in possession of any of the papers or has been served with process. United States v. Mahon (D. C.) 42 F.(2d) 571, and cases cited.

There is some dispute as to whether there was consent, express or implied, by petitioners or either of them to the search of the premises after the arrest. I should be unwilling to find that they did consent without an oral hearing at which the witnesses can be fully cross-examined. If such a hearing be desired, it may be obtained by placing the matter on the calendar of the criminal part for February 20. If that time be not convenient, another date will be arranged.

The application by the United States Attorney at the oral argument on the 10th instant for a modification of the existing stay is granted. An order (to be settled on one day's notice) may be taken vacating the stay, except as·against the United States Attorney using the seized papers as evidence in a trial of the petitioners or either of them previous to ten days after the entry of an order hereon, and, if during that period an appeal be taken, until after determination of the appeal.

Motion denied. Settle order on two days' notice.