## UNITED STATES v. CACCAMO.
### No. 10099.

United States Court of Appeals
Seventh Circuit.
June 30, 1950.

Otto Kerner, Jr., U. S. Atty., John Peter Lulinski, Anthony Scariano, Asst. U. S. Atty., all of Chicago, Ill., for appellant.

Thomas F. Reilly, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge and FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This appeal is from an order of the District Court directing the summary return to Peter Caccamo, the owner, of an automobile seized by agents of the Alcohol Tax Unit. The automobile was seized on July 30, 1949. At the same time Caccamo was arrested on charges of transporting and possessing distilled alcohol on which the tax had not been paid. The automobile was seized on the grounds that it had been used in transporting and concealing non-tax paid alcohol.

The question presented is whether the District Court, which had found Caccamo not guilty in the criminal case, had jurisdiction to order the summary return of the automobile.

Appellee was found not guilty of the criminal charge on October 13, 1949, after the Court had ordered the suppression of the evidence supporting the charge. Thereafter, on December 8, 1949, the appellee filed in the District Court under the file number of the criminal case a petition which was entitled "Petition for Administrative Relief", and was addressed to Hon. John W. Snyder, Secretary of the Treasury. On the preceding day notice of a hearing of this petition was served on the United States Attorney. No one else was made a party defendant to the petition or was served.

The petition alleged the seizure of the automobile; that no liquor was found in the automobile; that petitioner had purchased and paid for said automobile and was the owner thereof; that petitioner was engaged in business as a painting contractor; that he had been indicted by the Federal Grand Jury in September, 1949, for possession of distilled spirits on which the tax was not paid; that he was tried and found not guilty; that he filed this petition to secure administrative relief in accordance with Title 19 U.S.C.A., § 1618; that it would be unconscionable and inequitable to cause forfeiture of the automobile because it was necessary in carrying on his business of a painting contractor. The petition concluded with a prayer that "the Honorable Secretary of the Treasury order a return to him of his automobile." The case was called for a hearing by the District Court on the same day the petition was filed. The United States Attorney appeared, suggested that the Court did not have jurisdiction of the automobile, and asked that the

Court grant five days for filing a libel for forfeiture, or for the abandonment of the automobile. The Court insisted, however, that the automobile should have been released to the petitioner immediately after the petitioner had been found not guilty of the criminal charge, and ordered that the Alcohol Tax Unit forthwith return the car to the petitioner.

On this appeal the government contends that the District Court did not have jurisdiction of the automobile, the officers who seized the automobile, the Secretary of the Treasury, or the custodian of the automobile; that the petitioner's only remedy was to proceed according to the practice in admiralty cases, and that the judgment in the criminal case was not *res adjudicata* of the issue in a forfeiture proceeding.

Here the property in question was not in the custody of the United States Attorney or of any officer of the Court over which the Court had disciplinary powers, but was in the custody of the agents of the Alcohol Tax Unit, who are under the Secretary of the Treasury. Nor was the car seized under any judicial process or authority.

The government in its contention that the District Court was without jurisdiction to make the summary order complained of, relies on the case of In re Behrens, 2 Cir., 39 F.2d 561, 564. In that case Behrens commenced a summary proceeding by a petition in the District Court for the return of personal property immediately after seizure and before any criminal proceeding or forfeiture suit had been instituted. The property seized consisted of utensils and equipment appropriate for use in the operation of a brewery. Behrens prayed for suppression of the evidence, the return of the articles, an injunction against destruction, and a citation to the Prohibition Administrator and the United States Attorney to show cause why the prayer of the petitioner should not be granted. No pleadings or appearances were filed by these two respondents but the United States Attorney appeared at the hearing in opposition to the petition.

The Court there concerned itself mainly with the problem of jurisdiction and "as-sumed" that the United States Attorney appeared for the Prohibition Administrator as well as for himself. In that opinion the Court pointed out that if the property were under the control of an officer of the court whether he be a United States Attorney, marshal, clerk, or even an attorney admitted to practice before the court, the court's disciplinary power over such officers might supply the necessary jurisdictional fact for a summary proceeding to direct such an officer to return property illegally withheld from its owner, even before a criminal prosecution or proceedings for forfeiture had been commenced. But the Court pointed out that since the Prohibition Director was not an officer of the Court, the jurisdiction to order him to return property wrongfully detained would necessarily have to be on a basis other than the Court's disciplinary power over its own officers. After fully discussing the facts and the law there involved, the Court said: "Our conclusion is that, upon the appellant's petition, the court should not have passed upon the legality of the seizure, but should have directed the prohibition administrator, assuming he was served with a show cause order or voluntarily appeared, either to institute proceedings promptly * * * or to abandon the seizure and return the property * * *." See also, Applybe v. United States, 9 Cir., 32 F.2d 873; Church v. Goodnough, D. C., 14 F.2d 432; and Weinstein v. Attorney General of the United States, 2 Cir., 271 F. 673.

In Weinberg v. United States, 2 Cir., 126 F.2d 1004, 1007, that Court again considered the question of jurisdiction of a District Court to summarily order the return of property. In that case the property had been seized in New York by agents of the Federal Bureau of Investigation pursuant to an order issued by the United States District Court for the Eastern District of Michigan. The seizure was ordered to obtain evidence for use in a pending criminal case in which the defendants were charged with conspiring to transport stolen property in interstate commerce. The arrest of the accused was prior to the search and seizure. Proceedings for removal of the accused, instituted prior to the seizure, were still

pending at the time of the hearing on the petition to recover the property. The Court noted that the United States Attorney was engaged in conducting the removal proceedings and that the property in question might be necessary evidence in that proceeding. The Court said: " * * * he (the United States Attorney) can be ordered to obtain possession of the seized property and to return it to petitioner for her use."

The petitioner there claiming to own the property was the sister of the accused.

The Court stated that the Federal Bureau of Investigation is by statute an organization of officials vested with the authority necessary for detection and prosecution of crimes against the United States and that United States Attorneys are charged with prosecution of crimes and are "vested with complete control over [such] proceedings." The Court held that, considering the pertinent statutory provisions and the "over-all administrative organization of the Department of Justice," the United States Attorney had control over the F.B.I. agents who were there in possession of the property. The Court therefore indicated that the trial court should have ordered the United States Attorney to "see to it that the property is made available to him for return to the owners." To reach this result the Court relied on Go-bart Importing Company v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374. In that case certain books and papers had been obtained from the defendants for use in a criminal proceeding before a United States Commissioner. The evidence was procured by an illegal search and seizure. The petitioners filed their petition in the criminal proceeding in the District Court for an order enjoining the use of the evidence in the criminal proceeding and directing its return to petitioners. There the United States Attorney had control of the prosecution. The papers were held subject to his control and direction, although in the immediate care and custody of the prohibition officers. The prohibition officers, as well as the United States Attorney, voluntarily came before the court to defend the seizure, retention and proposed use of the papers, and so, in effect, became parties to the proceeding. By making the papers a part of the affidavit of O'Brien, one of the prohibition officers, the papers were brought within the power of the Court and constructively within its possession.

The Supreme Court there held that since the United States Attorney and the special prohibition agent in charge were authorized to conduct the prosecution and had the control and custody of the papers for that purpose, they were both subject to the disciplinary power of the District Court which therefore had jurisdiction to summarily determine whether the evidence should be suppressed and the papers returned to the petitioners. It is apparent from a consideration of the decisions in the Weinberg and Go-Bart cases that neither furnishes a precedent for the decision of the instant case.

Here we are not dealing with the suppression of evidence in a criminal case but with an automobile seized for possible forfeiture because of its having been illegally used for transportation of alcohol on which the tax had not been paid. Here the criminal proceeding in which the petition was filed had been finally terminated. The District Court did not have jurisdiction of the automobile, of the custodian of the automobile, of the Alcohol Tax Unit, or of the Secretary of the Treasury. The petition was addressed to the Secretary of the Treasury and asked for special administrative relief in accordance with the provisions of 19 U.S.C.A. § 1618.

While the Federal Rules of Civil Procedure have simplified the practice in our Federal courts, they have not authorized any such procedure as we find in this case.

Here the District Court did not enter an order against the United States Attorney as was done in the Weinberg and Go-Bart cases. Instead the order was to the "Alcohol Tax Unit of the Department of Internal Revenue." The Unit had not only not been served with notice but had not even been made a party to the proceeding.

We can only conclude that the District Court was without jurisdiction to make this order. The judgment is reversed and the cause is remanded to the District Court with instructions to dismiss the petition.