**UNITED STATES of America**

v.

**ONE 1955 OLDSMOBILE SEDAN "98", Serial Number 559MZO453, Eight Cylinders.**

**Misc. No. 2462.**

United States District Court W. D. Pennsylvania.

March 15, 1960.

---

904

Ralph F. Scalera, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Albert Martin, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

On January 22, 1960, pursuant to Rule 41(e), Fed.R.Crim.P., 18 U.S.C.A., Roland Willis, owner of the above captioned motor vehicle, moved for a return of his property, alleging that it had been illegally seized on November 20, 1959, in violation of his constitutional rights. Service of the motion was accepted by the United States Attorney. At the hearing it appeared that the motor vehicle on that date was seized from John Pittman for alleged violation of § 7301, Title 26 U.S. C.A. (I.R.C.1954), by agents of the Alcohol and Tobacco Tax Division of the Internal Revenue Service. Subsequently, the vehicle was appraised at $500 and forfeiture proceedings were initiated by the Division pursuant to § 7325, Title 26 U.S.C.A. After the prescribed advertising beginning on November 30, 1959, the vehicle was declared forfeited on December 31, 1959. The movant had received timely notice of the proposed forfeiture proceedings by letter dated November 24, 1959, but did not file a claim and post a cost bond within the thirty-day period prescribed by the statute.

At the hearing a copy of the forfeiture proceedings was admitted into evidence

without objection as government's Exhibit "1". The movant does not contend that the declaration of forfeiture was not obtained in strict conformance to the provisions of the statute. No one in the Alcohol and Tobacco Tax Division was served and made a party to the proceedings on the motion.

The government contends that Rule 41(e) is inappropriate to forfeiture proceedings, and that the court does not have jurisdiction to order a return of the vehicle to movant. We agree with the government.

■ Section 7325, Title 26 U.S.C.A., provided movant with an adequate remedy at law to contest the legality of the seizure and forfeiture of his automobile.[1] By his failure to engage in the civil action thus provided and file a claim and cost bond within the prescribed thirty-day period, we think he is barred from seeking the return of his automobile under the Rules of Criminal Procedure. Movant should not be permitted to ignore the plain legal remedy provided by Congress and then invoke relief under Rule 41(e). Milkint v. Morgenthau, 4 Cir., 1937, 92 F.2d 266, 267; United States v. One 1953 Oldsmobile Sedan, D.C.W.D.Ark.1955, 132 F.Supp. 14, 18; cf. DeBonis v. United States, D.C.W.D. Pa.1952, 103 F.Supp. 119, 121. Also, it seems eminently clear that the court in the matter under consideration does not have jurisdiction to order the return of the automobile to movant. The vehicle was not seized by any process issuing out of this court; neither were the agents who seized it or the Division which forfeited it served or otherwise made parties to this action. This court does not have the summary disciplinary power over the agents of the Alcohol and Tobacco Tax Division as it ordinarily would have over an officer of the court, such as the United States Attorney in a matter where that officer proposes to use illegally seized property as evidence in a criminal action. United States v. Caccamo, 7 Cir., 1950, 183 F.2d 186; In re Behrens, 2 Cir., 1930, 39 F.2d 561.

■ Moreover, Rule 54(b) (5), Fed. R.Crim.P., specifically provides that the Rules of Criminal Procedure "are not applicable to * * * forfeiture of property for violation of a statute of the United States. * * *" Rule 41(e) insofar as it provides for the return of property expressly excepts property "otherwise subject to lawful detention". Possession of property by agents of the Alcohol and Tobacco Tax Division pending and following forfeiture proceedings would be, at least prima facie, lawful detention.

The authorities cited by movant clearly show that Rule 41(e) was used in situations where the United States Attorney had possession or control of property allegedly obtained by illegal search and seizure and which was intended for use in a pending or contemplated criminal proceedings. Such is not the case here. The movant does not allege that his motor vehicle was seized as a result of an illegal search, and that it is in the custody or control of the United States Attorney for the purpose of using it as evidence in any pending or contemplated criminal prosecution. It does appear that the property is in the custody of agents of the Alcohol and Tobacco Tax Division who have not been made parties to this motion and are not under the control of this court. See: United States v. Caccamo, supra; In re Behrens, supra.

The motion for return of property pursuant to Rule 41(e) will be denied.

---

1. Had movant so proceeded he might have recovered possession of his automobile. United States v. Plymouth Coupe, 3 Cir., 1950, 182 F.2d 180. For another possible remedy, see § 7327, Title 26 U.S.C.A., whereby movant might obtain remission or mitigation by the Secretary of the Treasury; and perhaps he also has a remedy at law against the agents for damages resulting from the alleged illegal and unwarranted seizure. In re Behrens, 2 Cir., 1930, 39 F.2d 561.