PEARSON, Judge.
We are presented here with a petition for writ of certiorari from an individual, Franklin Sosa, who seeks review of an order of the Criminal Division of the Circuit Court, denying him, as movant therein, an order returning money which his motion alleged had been seized from him by a police officer at the time of his arrest. The record reveals that the money was seized at the time of Sosa’s arrest for allegedly trafficking in illegal drugs. Although not shown in the record, it is agreed that the seizure was suppressed by the trial court and that the money and drugs seized could not be used at a trial of the petitioner.
The petition for writ of certiorari was argued in the petitioner’s brief on the theory that the court departed from the essential requirements of law in failing to order the police officer to return the money. The respondent State defended upon the basis of cases holding that a trial court in a criminal case has no authority to order a return of property which is not in the custody of the court. See Cogen v. U. S., 278 U. S. 221, 49 S.Ct. 118, 73 L.Ed. 275 (1929); U. S. v. Hee, 219 F. 1019 (D.C.N.J.1915), and Applybe v. U. S., 32 F.2d 873 (9th Cir. 1929). At the hearing on the petition for writ of certiorari, it was agreed to by the attorneys for Sosa and the State that the trial court, in a criminal case, did not have the authority to order the return of this specific money. Petitioner urged at the hearing only that the portion of the trial court’s order finding and labeling the money seized as “contraband” should be quashed. Having heard argument thereon, having reviewed Sections 893.12(1) and .02(3) and 943.41, Florida Statutes (1975),[1] and finding no authority therein for the trial court’s determination of this issue in that proceeding, we hereby quash that portion of the order dated February 10, 1976, reading said cash is considered by this Court to be contraband . . . ” and we deny the petition as to all other portions of the order.
It is so ordered.

. But see §§ 893.12(2) and 943.43, Fla.Stat. (1975).